**FILED**

**AUG 1 2 2008**

**Clerk, U.S. District and Bankruptcy Courts**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Hubert Philogene                          )
1909 Bronzegate Blvd.                      )
Silver Spring, MD 20904                    )
                                           )
     Plaintiff,                          )
                                           )
v.                                         )
                                           )
(DCRA) District of Columbia                )
Department of Consumer Regulatory Affairs  )
941 North Capitol Street NE.               )
9fl. Washington, DC 2002                   )
                                           )
Office of The Attorney General             )
441 4th Street N.W. 6th fl.      )
                                           )
The Mayor                                  )
1350 Pennsylvania Ave.                     )
N.W. Washington DC. 20004                  )
                                           )
(ABRA) Alcholic Beverage Regulation        )
941 North Capitol ST. N.E. suite 7200      )
Washington DC. 20002                       )
                                           )
(MPD) Metropolatun Police Department       )
George Valentine                           )
Deputy Attorney General                    )
441 4th ST. N.W Washington DC 20001   )
Suite 600                                  )
                                           )
     Defendants.                        )
_____  )

Case: 1:08-cv-01399
Assigned To : Roberts, Richard W.
Assign. Date : 8/12/2008
Description: Civil Rights-Non-Employ.

## NOTICE OF REMOVAL

    Defendant, the District of Columbia ("Defendant"), respectfully notifies this

Honorable Court as follows:



1

1.     Defendant is named in a civil action now pending in the Superior Court of the District of Columbia entitled <u>Hubert Philogene v. District of Columbia, et al</u>, Civil Action Number 2008 CA 004005 B.

2.     Plaintiff filed a Complaint on May 29, 2008, generally alleging that Defendant improperly cited his business for operating without a license. *See* Complaint, attached as Exh. A.  On June 27, 2008, Defendant filed a Consent Motion for More Definite Statement.  On July 17, 2008, Plaintiff filed an Amended Complaint, in which he alleged a Constitutional claim for the first time. *See* Amended Complaint, attached as Exh. B.

3.     This notice of removal is brought pursuant to 28 U.S.C. § 1441, because Plaintiff's civil action is one in which the federal court has jurisdiction.  In paragraph 27 of the Amended Complaint, Plaintiff alleges: "On the facts alleged above the District of Columbia is liable to named plaintiff(s) under 42 U.S.C. § 1983 for violation under color of law of their constitutional rights for due process and rights to be free from unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution."

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446.

Dated:  August 12, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

2

_/s/ Toni Michelle Jackson_
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

_/s/ Nicholas Coates_
NICHOLAS COATES[1]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724- 6644 (office)
(202) 741-0578 (fax)
Email: Nicholas.Coates@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2008, I caused the foregoing NOTICE OF REMOVAL to be filed with the Clerk of the Court and also mailed a copy via U.S. Mail, first-class postage pre-paid to:

Hubert Philogene
915 5th St. NW
Washington, DC 20001

_/s/ Nicholas Coates_
NICHOLAS COATES
Assistant Attorney General

---

[1] Appearance entered under D.C. App. 49(c)(4).

# Exhibit A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

HUBERT PHILOGENE,

~~Plaintiff,~~

~~Caribbean Cultural Center, LLC~~

~~Defendant~~

1909 Bronzegate Blud. Silver spring
MD. 20904

        **Plaintiffs,**

    **v.**

## DISTRICT OF COLUMBIA

The Mayor—1350 Pennsylvania ave **Defendant.**
    NW Washington DC. 20004
Attorney General/441 4th street N.W. 6fl south
    Washington DC. 20001
    DCRA 441 N. Capitol street NE.
    9fl. Washington DC. 20002

:    Civ.No:    0004005-08

:    Related case:

**Complaint**
**(Punitive Damage)**

Plaintiff Hubert L. Philogene, d/b/a Caribbean Cultural Center, LLC. And Lime Night

Club ("Lime") prose brings this suit against the District of Columbia, Department of

Consumer and Regulatory Affairs (DCRA) for punitive damage in the sum of one

hundred million dollars ($100,000,000.00).

### Introductory Statement

This suit is for punitive Damage in the sum of 100,000,000.00 and such other relief that

the court deems just and equitable

08 1399

## FILED

AUG 1 2 2008

**Clerk, U.S. District and**
**Bankruptcy Courts**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

HUBERT PHILOGENE,                              :
President,                                     :
CARIBBEAN CULTURAL CENTER, LLC                 :
D/B/A "LIME"                                   :
                                               :
                                               :
                                               :
              Plaintiffs,                      :
       v.                                      :    Civ.No:
                                               :
DISTRICT OF COLUMBIA                           :    Related case:
                                               :
              Defendant.                       :

### Complaint
### (Punitive Damage)

Plaintiff Hubert L. Philogene, d/b/a Caribbean Cultural Center, LLC. And Lime Night

Club ("Lime") prose brings this suit against the District of Columbia, Department of

Consumer and Regulatory Affairs (DCRA) for punitive damage in the sum of one

hundred million dollars ($100,000,000.00).

### Introductory Statement

This suit is for punitive Damage in the sum of 100,000,000.00 and such other relief that

the court deems just and equitable

## Jurisdiction

1. Subject matter jurisdiction of this court is founded on D.C. Official code **§11-921**.

2. Personal jurisdiction id founded under official code **§13-423(a)(1)**.

## Parties

3. Plaintiff Caribbean Cultural Center, LLC is a District of Columbia incorporated limited liability company located at 915 5th Street N.W. Washington, DC 20001.

4. Plaintiff Hubert L. Philogene is the President of Caribbean Cultural Center, LLC.

5. Defendant District of Columbia Department of Consumer and Regulatory Affairs (DCRA) is a division of a municipal corporation created under the laws of the District of Columbia and is being sued pursuant to D.C. Official code **§1-102 (2001)**.

## Factual Allegations

6. Mr. Hubert L. Philogene was arrested for Operating Business "Lime" without a license 05/27/2007 & Failure to Obtain Occupancy Permit 05/27/07.

7. Mr. Hubert L. Philogene was found guilty based on the evidence that the District of Columbia presented.

8. Lime was authorized to operate as a nightclub by the District of Columbia Department of Alcohol and Beverage and did not need other basic license to operate at the occupancy level the lime was operating at.

9. Lime had a DCRA issue certificate of occupancy permit (CO#91872) for the use of a restaurant.

## Jurisdiction

1. Subject matter jurisdiction of this court is founded on D.C. Official code §11-921.

2. Personal jurisdiction id founded under official code §13-423(a)(1).

## Parties

3. Plaintiff Caribbean Cultural Center, LLC is a District of Columbia incorporated limited liability company located at 915 5th Street N.W. Washington, DC 20001.

4. Plaintiff Hubert L. Philogene is the President of Caribbean Cultural Center, LLC.

5. Defendant District of Columbia Department of Consumer and Regulatory Affairs (DCRA) is a division of a municipal corporation created under the laws of the District of Columbia and is being sued pursuant to D.C. Official code §1--102 (2001).

## Factual Allegations

6. Mr. Hubert L. Philogene was arrested for Operating Business "Lime" without a license 05/27/2007 & Failure to Obtain Occupancy Permit 05/27/07.

7. Mr. Hubert L. Philogene was found guilty based on the evidence that the District of Columbia presented.

8. Lime was authorized to operate as a nightclub by the District of Columbia Department of Alcohol and Beverage and did not need other basic license to operate at the occupancy level the lime was operating at.

9. Lime had a DCRA issue certificate of occupancy permit (CO#91872) for the use of a restaurant.

10. Lime was not a public hall inasmuch as it did not entertained more than 400 people on any given night..

11. The license held by the corporation was a class C/N license under District of Columbia §25-113. On-premises retailer's licenses. §25-101.

12. The District of Columbia did not take the business to the Alcoholic and Beverage Regulation Board, instead brought charges on Mr. Hubert L Philogene as an individual. **§25-801. §25-804 Notification from DCRA, Fire Department, and Metropolitan Police Department.**

13. **§25-203. Transfer of functions of Alcoholic Beverage Control Division of the Department of Consumer and Regulatory Affairs.**

14. No District of Columbia regulations allows DCRA to regulate a nightclub under 400-person capacity.


## <u>COUNT 1</u>

(Operation of a night club is allowed under D.C. Dept Alcohol & Beverage Regulatory Affairs and does not require DCRA Approval)


5-29-08

Hubert L. Philogene


Hubert L. Philogene
Prose
915 5th Street N.W.
Washington, DC 20001
E-mail: compnet_hubert@yahoo.com

10. Lime was not a public hall inasmuch as it did not entertained more than 400 people on any given night..

11. The license held by the corporation was a class C/N license under District of Columbia §25-113. On-premises retailer's licenses. §25-101.

12. The District of Columbia did not take the business to the Alcoholic and Beverage Regulation Board, instead brought charges on Mr. Hubert L Philogene as an individual. **§25-801. §25-804 Notification from DCRA, Fire Department, and Metropolitan Police Department.**

13. **§25-203. Transfer of functions of Alcoholic Beverage Control Division of the Department of Consumer and Regulatory Affairs.**

14. No District of Columbia regulations allows DCRA to regulate a nightclub under 400-person capacity.

## COUNT 1

(Operation of a night club is allowed under D.C. Dept Alcohol & Beverage Regulatory Affairs and does not require DCRA Approval)

5-29-08

Hubert L. Philogene

Hubert L. Philogene
Prose
915 5th Street N.W.
Washington, DC 20001
E-mail:



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

_District of Columbia_
*Plaintiff*



vs.

Civil Action No. _3182-07_

_Caribbean Cultural Center_
and
_Hubert Philogene_  *Defendant*



FILED Jan 8, 2007

MAY 1 7 2007

THE OFFICE OF
JUDGE IN CHAMBERS

## ORDER

Upon consideration of the motion _for temporary restraining order_
filed by _government against alleged unlicensed public hall_
and after hearing argument on behalf of all parties concerned, it is, by the Court, this _17th_

day of ____May____, 20_07_,

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED   ☒ DENIED

(2) That _too many relevant factual disputes [about_ _without prejudice_
_prior citations and fines and apparent conflicts_
_between DC's on-line information and statutes and_
_between ABC license (CN) and restaurant business_
_license] exist to permit fair resolution of motion._

_(3) Parties to attempt settlement and if none to apply for_
_resolution through Prel. Injunction hearing with more_
_complete facts._

Copies to:

_Mary Ella Abrecht_
JUDGE

_parties_

Form CV-545/Apr 03

# Exhibit B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Hubert Philogene
1909 Bronzegate Blvd.
Silver Spring MD 20904

*Plaintiff*

CIVIL ACTION No. 2008 CA 00400 SB

*vs.*

(DCRA) District of Columbia
Department of Consumer Regulatory Affairs
941 North Capitol Street N.E.
941 Washington DC 20002

Office of The Attorney General
441 4th Street D.W. 6th Fl  **Defendants**

The Mayor
1350 Pennsylvania Ave.
N.W. Washington DC 20004

(ABRA) Alcoholic Beverage Regulation
941 North Capitol ST. N.E. suite 7200
Washington DC 20002

(MPD) Metropolitan Police Department
George Valentine
Deputy Attorney General
441 4th ST. N.W Washington DC
suite 600                           2001

Ammended
**COMPLAINT**

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

See attach

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** 100,000,000.00
**with interest and costs.**

703-268-1553
**Phone:**

**DISTRICT OF COLUMBIA, SS**

_____ , **being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

_____
(Plaintiff)                                    (Agent)

**Subscribed and sworn to before me this** 17 **day of** July **20** 08.

_____
(Notary Public/Deputy Clerk)

08 1399
**FILED**

AUG 12 2008

**Clerk, U.S. District and**
**Bankruptcy Courts**

FORM CV-1013 Nov. 00

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**HUBERT PHILOGENE**                          :
                                              :
                                              :        Civil Action No. 2008 CA 004005 B
                                              :        Calendar 1
                                              :        Judge Gerald I Fisher
                                              :        Next Event: September 5, 2008
                **PLAINTIFF(S),**
                                              :
**v.**                                        :
                                              :
**DISTRICT OF COLUMBIA, et al**               :
                                              :
        **DEFENDANT.**                        :
                                              :

---

### PLAINTIFF(S) (PRO SE)
### REPONSE TO DEFENDANTS REQUEST FOR DEFINITE STATEMENT

### COMPLAINT

### CLAIM UNDER FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION DUE TO COMMON LAW FALSE ARREST AND FALSE IMPRISONMENT, UNLAWFUL SHUT DOWN AND CITATIONS TO BUSINESS.

### INTRODUCTION

1. This case is an action for pecuniary damages in the sum of one hundred Million dollars ($100,000,000.00), punitive damages and other relief for illegal arrest and citations.

2. I believe the Court should grant my motion because I have suffered grievances, lost of income and business; lost of income capacity; loss of due process based on the fourteenth amendment; due to unjust and intentional torts brought forth by the Department Of Consumer and Regulatory Affairs hereafter known as DCRA & the Department of

1

Alcoholic and Beverage Regulation Board herein after known as
ABRA and Metropolitan Police Department herein after known as
MPD.

## Jurisdiction and Venue

subject matter jurisdiction of this court is founded on D.C. Official
**§11-921.**

Personal Jurisdiction ID founded under official code **§13-423(a)(1)**

## PARTIES

Plaintiff(s) Hubert Leslie Philogene herein after known as Mr. Philogene
President of Caribbean Cultural Center, LLC.

Defendant District Of Columbia Department of Consumer and Regulatory
(DCRA) is a division of a municipal corporation created under the
District of Columbia and is being sued pursuant to D.C. Official
code **102 (2001).**

Defendant District Of Columbia Alcohol Beverage Regulation
Administration (ABRA) is a division of a municipal corporation created
under the laws of District of Columbia and is being sued pursuant to D.C.
code **§ 1-102 (2001)**

Defendant Metropolitan Police Department is a division of a municipal
corporation created under the laws of District Of Columbia and is being sued
pursuant to D.C. Official code **§ 1-102 (2001)**

## BACKGROUND

Mr. Philogene   previously owned a Contracting company CompNet in
District of Columbia from June 30, of 2000 to June of 2007. The
Contracting Firm was growing steadily and Mr. Philogene was securing
contracts on a steady basis. He decided to put Compnet on hold in order to
dedicate his time to The Caribbean Cultural Center Herein after known as

2

one". In the process of getting the Caribbean Cultural Center LLC off ... and Mr. Philogene encountered many hardships. These hardships ... the loss of his home through foreclosure and a disruption with his ... investors. These set backs nearly brought the Lime to a close. With ... port of his Wife of eleven years Nandred Navarro and financial gifts ... nds he was able to establish the Lime as one of the up and coming ... D.C. Mr. Philogene was able to bring in enough revenue to pay off ... such as past due rents in the amount of $48,000. He was then able ... his payments current to his landlord, suppliers and staff. **EXHIBIT**

### SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

PHILOGENE                    :
                             :
                             :        **Civil Action No. 2008 CA 004005 B**
                             :        **Calendar 1**
                             :        **Judge Gerald I Fisher**
                             :        **Next Event: September 5, 2008**
**PLAINTIFF(S),**            :
                             :
                             :
                             :
OF COLUMBIA, et al           :
                             :
**DEFENDANT.**               :

### ALLEGATIONS

... January 15, 2007 Sergeant Kenneth W. Mack herein after known as ... Mack came to the "Lime" and asked to see a copy of my license, ... I immediately showed him. He came to the "Lime" on five more ... sions: January 28th 2007, February 19th 2007, March 12th 2007, April 8

...and April 9 2007 asking on all occasions to see a copy of my license ... immediately showed him. I then asked the Sergeant why he needed ...my license five times when he replied "we are going to shut you down ...tives of DCRA". On May 11th 2007, Clement Stokes, a DCRA ...gator with a motion for a Preliminary injunction, served me. On May ...rgeant Kenneth Mack came to the "Lime" he asked me if I was served ...court documents, I answered in the affirmative. He then told me " we ...ing to shut you down tonight." I asked Sergeant Mack how it was ... to shut me down without a court hearing and or decision, he then ...ded to make a phone call, he informed me that he was speaking to ...Argo the Director of DCRA. After finishing his phone ...ation Sergeant informed me that he was under orders to shut me ...said night. He then proceeded to dismiss my staff stating "Go home ...is closed for the weekend."

...med the police officers on detail for night patrol and his ...ing officers that no one was allowed entrance to the club. I was ...rved with a citation during and or after this entire incident.

...May 17 2007, I attended the hearing at the Superior court with ...Weinberg presided. Case No.CA3182-07 Judge Weinberg denied the ...ought against me by the District of Columbia. **EXHIBIT B.** ...the "Lime" for business on May 18, 2007 with no problems. On ...2007 on or around 11pm at night while I was not on the premises ...Mack went to the "Lime" requesting to see the license. The ...was operating under code with an ABRA certified Bar Manager, ...enders, fifteen patrols and two police detail officers. My staff ...me via phone informing me of the situation. I instructed my staff ...s: Sergeant Mack with a copy of the license along with the order ...Judge Weisberg. Sergeant Mack decided to ignore the order from ...ge by unlawfully giving a citation to the "Lime" for operating a ...without a license and operating without an occupancy permit ...Mack also shut down the "Lime" on May 19. 2007. ...HIBIT C.

...became very frustrated so I decided to contact Maria Delaney of ABRA ...help via email on May 26, 2007. I asked that they define my license and ...to me if I was conducting business unlawfully and or whether my

4

was sufficient to conduct business as a nightclub. I needed to know the citations and shut downs were just. I received a response from Delaney stating that these citations and shut downs were not under the of ABRA and I should be contacting DCRA and MPD for an I followed the advice given to me by Ms. Maria Delaney and to contact DCRA for an explanation via phone and in person at address 941 North Capital St. 9th floor NW. Washington D.C. 20002 to I left messages and my contact information and no one called me **EXHIBIT D.**

May 27, 2007 Sergeant Mack visited the "Lime and issued me a the amount of $1,000.00 dollars for operating with out a license without occupancy permit and proceeded to shut down the contacted DCRA ON MAY 28, 2007 and spoke with the council A Mr. Fred Mosley he assured that the "Lime" was operation in with my C/N license. He also pointed out that ABRA was not for the shut downs or citations and again instructed me to CRA  On June 2nd , 2007 Sergeant Mack came to the "Lime" and requested that I show him my license, I furnished him with my and Beverage license , (ABC) Night Club license (CN) and the of occupancy. He then requested to see my restaurant license I him that the restaurant license had expired and obsolete since I was as a restaurant. He then proceeded to arrest me, he took me to district police station where I spent the night. **EXHIBIT E.**  Sergeant to the "Lime" on July 18, 2007 to arrest me I contacted der Groom from the 1st District who gave an order to Sergeant der two citations at $10000.00 dollars each for operating with case and operating without an occupancy permit. old Sergeant a physical arrest was not necessary and Sergeant Mack

bean Cultural Center LLC. brought a suit against the District of **Case No.0003182-07.**   Judge G. Beauden residing at the hearing 31, 2007 Judge Beauden asked Attorney General Robert A. Jr whether Caribbean Cultural LLC had all the necessary to operate and he answered "yes" judge Beauden issued an order the case with Case No. CA3182-07and uphold the decision made by Weisberg to deny the District a Preliminary injunction and allow the

5

an Cultural Center to operate as a business. The District of Columbia
stipulation of dismissal in the civil court hearing. **EXHIBIT F.**

opened the "Lime" on September 1, 2007 my cash flow was non-
I was in discussions with Andre Demoyer to form a partnership
Moya had capital to invest in the business and I needed the financial

the "Lime." On September 30, 2007 the CN license expired. I
a cease and desist by ABRA. I attempted on many occasions to
my CN license where I was told that due to a pending show cause
would be best that I waited till the decision was rendered.
was made to revoke my license due to:
failure to complete an application to ABRA showing that my
erating agreement had been changed to include two partners Mr.
len and Mr. Garnier.
or two primary tier violations for extending hours of operation on
ebruary 24, 2006 and October 29, 2006.

re to complete the application to inform ABRA of the change in
ting agreement was brought on by problems within the partnership.
mpting to cure the disagreements in the partnership before
the application.

problems were brought to ABRA's attention in the Hearings on
007 and August 7, 2007. Please see the transcript of the hearing, an
ay the ABRA Board's decision from Attorney Ashley E.
**EXHIBIT H.**

more Mr. Allen and Mr. Garnier testified that they had removed
s from the partnership by leaving the premises on June 18, 2006
th them Alcohol and other items from the "Lime." Moreover there
at ABRA has to follow regarding Primary Tier violations §1604
are listed as such:
mary care violation the fine shall be $1000 to $2000 dollars

he second primary tier violation within two years the fine shall be
to $4000 dollars

the third primary tier violation in three year fine shall be $4000 to
dollars

6

the fourth primary tier violation the ABC license shall be revoked.

ABRA's reason for revoking the license issued to Caribbean Cultural
LLC is contradictory to the laws in §1604. The "Lime" had only
primary Tier Violations there fore the "Lime should have been charged
$4000 to $6000.00 dollars instead of having its license revoked.
more it is stated **Title §25-801 (b)"**Subject to subsection (c) of this
ABRA investigators and the Metropolitan Police department shall
tions for civil violations of this title that are set forth in the
of civil penalties established under **§25-830.**" The Caribbean
enter was never cited for extending hours of operation on neither
es listed as a violation.  Please find the decision for revoking the
Cultural Center LLC license made by ABRA. **EXHIBIT H.**

801 states that it is the authority of the Board to enforce this title;
ent responsibilities of ABRA investigators and Metropolitan Police
nt.

for any violation for which the penalty includes the suspension
shall be issued under the direct authority of the Board as a result
stigation carried out by ABRA investigators.

tions for misdemeanors under this title shall be prosecuted and
by information filed in the Superior Court of the District of
by the Corporation Counsel. Prosecutions for felonies under this
prosecuted by the United States Attorney for the District of

Notifications from DCRA, Fire Department and Metropolitan
partment

rdance with procedures that the Mayor shall establish, the
nt of Consumer and Regulatory Affairs and the Fire Department
ptly notify the Board if a licensed establishment is the subject of a
or other enforcement action for a violation of laws or regulations
by these departments.

hat is the duty of ABRA to a Licensee when they are being continually
closed down wrongfully? Why did ABRA ignore the laws written
25 knowing that the License held by Mr. Philogene was appropriate
erating the "Lime? Is it not ABRA's duty to contact DCRA and MPD
alf of its Licensee to interpret said License? ABRA failed Mr.

...ne by letting this heinous and unjust act by DCRA and MPD ...ne. Why did ABRA allow DCRA to bring this hearing before the ...r Court when according to Title 25 it is in their jurisdiction?

...s an independent District of Columbia Government regulatory ...created by DC law 13-298, the Title 25, DC code enactment and ...Amendments Act of 2001. effective May 3, 2001. Prior to the ...of this law, ABRA was a division of the District's Department of ...er and Regulatory Affairs (DCRA).

...DCRA ignore the rules set forth in Law 13-298? Why did ABRA ...and allow DCRA to take jurisdiction of shutting down the "LIME" ...appropriate license?
...ied The Caribbean Cultural Center LLC and Mr. Philogene by ...not to be involved in the matter.
...should have sent a copy of its Class License definitions along with a ...Mr Philogene's license to DCRA and the MPD.
...DCRA and MPD deserve no comeuppance for their crimes?

...anuary 28th 2008 I attended a hearing in criminal court (**Case ...DC27582**) on the same motion that was dismissed in civil court. ...of Columbia stated in their legal brief that I did not have the ...te license to operate the "Lime." This information was ...ry to Attorney General Robert A. Debaradinis Jr response in the ...hearing when he answered "yes" when asked directly by judge ...whether I had all my necessary licenses. Judge Bruce D. Baudin ...n order in favor of the District of Columbia. This case is ...appeal in Criminal court at this time.

...nvited to a meeting of club zone overtime in the 1st District ...on September 18, 2006 as a Night Club Owner. This meeting was ...BRA and SOD regarding police detail. Caribbean Cultural Center ...records of several receipts showing payments to MPD for night ...al where the "Lime is listed as a club. **EXHIBIT I.**

...Caribbean Cultural Center LLC Operated lawfully with all the ...y licenses. A class CN4 license which under the ABRA law states ...CN license will be issued only for a nightclub, including hotel, ...lub: alcoholic beverages and food, which may provide music and ...e facilities for patrons and er requirements set out in the act."

8

...upancy license, which was amended by DCRA to say occupancy load
...nd to also have the word nightclub added after the request was made
...istrict of Columbia at the hearing on May 17, 2008 (Case
...82-07). **EXHIBIT J**


... Philogene hired two attorneys' Kevin McCant esq. and Ashley E.
... esq. , which he paid a total of $24000.00.  Mr. Philogene felt that
... receive proper representation due to the attorneys' lack of
... ...ge in ABRA laws and failure to do research.  A complaint was
... ...inst both attorneys' in the D.C. Bar association.  Mr. Philogene
... recover due to severe monetary loss, which led to a final
... of Caribbean Cultural  LLC. Mr. Philogene is forced to try this
... by himself due to said loss of income and distrust in the legal


... ...harges, arrest and shut downs were all unlawful.
... ...ene was forced to return to the public sector to find work after
... ...ing and operating two successful businesses. Mr. Philogene has
... great loss, which includes but is not limited to loss of income; loss
... ...apacity; Loss of Business and Loss of personal financial gain
... v.


... ...of **the District of Columbia**

... ...t Mack was who arrested and presented the citations to the
... ...s a MPD officer who acted under color of law and scope of his
... ...nt and treated Mr. Philogene as described above.

... ...est and citations were caused by a District of Columbia police
... District of Columbia custom, policy, or practice of allowing
... ...ers to arrest and cite a business or person for operating a business
... ...icense.


## Constitutional Claims for Relief

the facts alleged above the District of Columbia is liable to the
plaintiff (s) under 42 U.S.C. § 1983 for violation under color of law
constitutional rights for due process and rights to be free from
onable seizure of their persons under the Fourth Amendment to the
States Constitution.

## COMMON LAW CLAIMS FOR RELIEF

the facts alleged above defendant, District of Columbia is liable to
plaintiff(s) for false arrest and imprisonment and illegal citations
that the "Lime" was operating without the proper licenses.

requirements of D.C. code §12-309 have been satisfied as to
plaintiff(s) by the notice letter delivered by plaintiff on May
and by reports and records of the Arrest, the included exhibits
the citations and all other legal hearings regarding this matter.

## PRAYER FOR RELIEF

ORE, the named plaintiff(s) request relief as follows:

order granting the plaintiff(s) punitive damages in the amount of
hundred million dollars.
gment declaring that the defendant violated the fourth and
teenth Amendment.
order-compelling defendant to expunge all records of the arrests of
plaintiff(s) described herein.
der directing defendant to reimburse criminal fines and forfeited
lateral collected from the named plaintiff(s)
rneys' fees and cost pursuant to 42 U.S.C. §1988 and
wal of all licenses to operate a night club
nue of same or similar setting to operate said business
such other relief including injunctive relief, as is just and
table.

## Jury Demand

by jury is demanded on all issues for which a jury is available.

Respectfully Submitted.

Hubert Philogene
PRO SE

Print

*Exhibit A*

Page 1 of 1

**From:** MChernoff@aol.com (MChernoff@aol.com)
**To:** compnet_hubert@yahoo.com
**Date:** Tuesday, April 25, 2006 12:09:29 AM
**Cc:** mmoore@srgpe.com; mfaller@srgpe.com
**Subject:** Balance due from Caribbean Culture Center

The attached Excel file shows a total due at this time of $35,470.45 for rent, taxes and legal fees. This amount must be wired to my Buzzard K, LLC checking account no later than Thursday morning or I will authorized my attorney to begin eviction proceedings. You assure me that you will be paying the amount due so please do not incur additional charges by being tardy. I look forward to receiving the May rent payment on the first of next month.

Marty
720-254-5555

| | | |
|---|---|---|
| 2006 | 3,000.00 | |
| 2006 | 15,000.00 | |
| | | 18,000.00 |
| 2004 | 2,997.26 | |
| 2005 | 5,993.08 | |
| 2008 | 2,117.39 | |
| | | 11,107.73 |
| 2005 | 441.60 | |
| 2005 | 646.67 | |
| 2005 | 190.50 | |
| 2005 | 47.00 | |
| 2006 | 301.79 | |
| 2006 | 1,014.80 | |
| 2006 | 1,560.39 | |
| 2006 | 1,712.87 | |
| 2006 | 447.10 | |
| | | 6,362.72 |
| | | 35,470.45 |

Exibit B

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

District of Columbia
_____
                    Plaintiff

                         vs.

Civil Action No. 3182-07

Caribbean Cultural Center
_____
                    Defendant
          and
Hubert Philogene

FILED

MAY 17 2007

THE OFFICE OF
JUDGE IN CHAMBERS

ORDER

Upon consideration of the motion _for temporary restraining order_

filed by _government against alleged unlicensed public hall_

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _17th_

day of _May_, 2007,

ORDERED:

(1) That the motion be, and it is hereby,          ☐ GRANTED   ☒ DENIED _without prejudice_

(2) That _too many relevant factual dispute [about_
_prior citations and fines and apparent conflicts_
_between DC's on-line information and statutes and_
_between ABC license (CN) and restaurant business_
_license] exist to permit fair resolution of motion._

(3) _Parties to attempt settlement and if none to apply for_
_resolution through Prel. Injunction hearing with more_
Copies to: _complete facts._

_Mary Ellen Abrecht_
                    JUDGE

parties

Form CV-440(Apt. 65)

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## FAMILY DIVISION

_American Culture Center_
                         **Plaintiff**

v.

_District of Columbia_
                         **Respondent**

**JACKET NO.** 5378-07

## ORDER

Upon consideration of the motion _for TRO_

filed by _Plaintiff_

and after hearing argument on behalf of all parties concerned, it is

by the Court this ___31st___ day of ___August___ , 19 _2007_

ORDERED:

(1) That the motion be, and it is hereby, ☐ GRANTED  ☑ DENIED

(2) That _Parties this case shall be joined with CA3182-07 which is pending before Judge Weisberg, and treats the same issues._ (3) _Since J. Weisberg has issued an Order which denies the District's request for a Preliminary injunction which would prevent the Plaintiff's from operating their business, the Plaintiffs may continue to operate their business under the terms of their license in place at this time._

Copies to:

_Bruce D. Beaudin_
**JUDGE**

Exibit B

★★★
**GOVERNMENT**
**OF THE**
**DISTRICT OF COLUMBIA**

ALCOHOLIC BEVERAGE REGULATION ADMINISTRATION
ALCOHOLIC BEVERAGE CONTROL BOARD
941 North Capitol Street, N.E., Suite 7200
Washington, DC 20002

ABRA 2005

**LICENSE NUMBER** 72458

**LICENSE CLASS** Retailer CN 04

Lime
Caribbean Cultural Center Llc
Center
1824 HALF ST SW

Layout and Endorsements:

3rd Year Payment Due: 09/30/2006

Voluntary Agreement:

| LICENSE IS VALID FROM: 10/01/05 to 09/30/07 | ISSUE DATE: 09/30/05 |
|---|---|

THE LAW REQUIRES THIS LICENSE TO BE POSTED IN A CONSPICUOUS PLACE ON THE PREMISES

---

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

**Department of Consumer and Regulatory Affairs**

Business License Center - Room 1100
941 North Capitol Street, N.E.
Washington D.C. 20002

Unique Business ID# 80011XXXX-111696

~~th~~ony A. Williams, Mayor

# CERTIFICATE of REGISTRATION

IS TO CERTIFY    that all applicable Trade Name requirements of the Omnibus Regulatory Reform

~~o~~f 1998 have been complied with and accordingly, this **CERTIFICATE OF REGISTRATION**

~~is her~~eby issued to:

~~CAR~~IBBEAN CULTURAL CENTER, LLC.

Name: **LIME**

~~N~~ovember 09, 2004

Exibit B

# C of O

## CERTIFICATE OF OCCUPANCY

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**PERMIT NO.**
CO 144223

**DATE :** 6/25/2007

| ADDRESS :<br>1824  HALF  ST. SW | FLOORS:<br>1ST AND 2ND | PRCLID : 0664  -0000-  0001<br>WARD : 2   ZONE :  M |
|---|---|---|

**PERMISSION IS HEREBY GRANTED TO :**
CORPORATION :  CARIBBEAN CULTURAL CENTER
ID No. : L19539

TRADING AS :

**APPROVED USES :**  OTHER - SEE DESCRIPTION

PREVIOUS USES :
RESTAURANT

| TYPE :<br>USE CHANGE | USED SQ. FOOTAGE: | OCCUP. LOAD:<br>400 | EXPIRATION DATE:<br>NONE |
|---|---|---|---|

**DESCRIPTION OF USE:**
RESTAURANT/NIGHT CLUB 599 SEATS

Interim
Directo
Linda K. Argo

PERMIT CLERK

EXhibit C

**Ticket 1 (0163254):**

1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (A Time of Arrest)
Stubblegene Hubert Leslie

2. PHONE NO. (202) 5/0-3654

3. VENDOR NO.

4. ADDRESS

5. SEX M  6. RACE B  7. BIRTH DATE 2/6/64  8. SOCIAL SECURITY NO. 202-

9. BIRTHPLACE (CITY & STATE)

10. HEIGHT 6'1"  11. WEIGHT 210  12. HAIR Blk  13. EYES Bro  14. COMPLEXION mod  15. PERMIT/HOST P 425 374

16. LOCATION OF OFFENSE 1834 Half St  17. DISTRICT WHERE OFFENSE OCCURRED SW (1mc)

18. DATE OF OFFENSE 5/12/07  18. TIME OF OFFENSE 2350

20. CHARGES
☐ FISHING VIOLATION
☐ VENDING VIOLATION
☐ UNTAXED CIGARETTES
☐ SELLING CIGARETTES WITHOUT LICENSE
☐ HEALTH CERTIFICATE
☐ IMPROPER REFRIGERATION OF FOOD

☐ SALE OF UNPREPACKAGED FOOD
☐ PLACARDS/SIGNS/POSTERS
☐ UNLEASHED DOG
☐ NOISE ACT VIOLATION
☐ RADAR DETECTOR
☐ OTHER Operating a public

21. CCN 062 213  22. MPD DISPOSITION 06-12-07  23. COLLATERAL/BOND RECEIPT NO.

FINE $

You are hereby directed to report, within 15 days from the date you receive this citation at which the incident in which the citation was issued to, post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL, you MUST appear in person within 15 days at the district in which the citation was issued. Bring this citation with you.

☒ 1st District   415 4th Street, S.W.
☐ 2nd District   3320 Idaho Avenue, N.W.
☐ 3rd District   1620 V Street, N.W.
☐ 4th District   6001 Georgia Avenue, N.W.
☐ 5th District   1805 Bladensburg Road, N.E.
☐ 6th District   100 42nd Street, N.E.
☐ 7th District   2455 Alabama Avenue, S.E.

Ticket Number 0163254

**Ticket 2 (0163252):**

1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (A Time of Arrest)
Stubblegene Hubert Leslie

2. PHONE NO. 202-510-3654

3. VENDOR NO.

4. ADDRESS

5. SEX M  6. RACE B  7. BIRTH DATE 2/6/64  8. SOCIAL SECURITY NO. 202-

9. BIRTHPLACE (CITY & STATE)

10. HEIGHT 6'1"  11. WEIGHT 210  12. HAIR Blk  13. EYES Bro  14. COMPLEXION mod  15. PERMIT/HOST P 425 374

16. LOCATION OF OFFENSE 1834 Half St  17. DISTRICT WHERE OFFENSE OCCURRED SW (1mc)

18. DATE OF OFFENSE 5/12/07  18. TIME OF OFFENSE 2350

20. CHARGES
☐ FISHING VIOLATION
☐ VENDING VIOLATION
☐ UNTAXED CIGARETTES
☐ SELLING CIGARETTES WITHOUT LICENSE
☐ HEALTH CERTIFICATE
☐ IMPROPER REFRIGERATION OF FOOD

☐ SALE OF UNPREPACKAGED FOOD
☐ PLACARDS/SIGNS/POSTERS
☐ UNLEASHED DOG
☐ NOISE ACT VIOLATION
☐ RADAR DETECTOR
☐ OTHER Operating a public

21. CCN 062 213  22. MPD DISPOSITION 06-12-07  23. COLLATERAL/BOND RECEIPT NO.

FINE $

You are hereby directed to report, within 15 days from the date you receive this citation at which the incident in which the citation was issued to, post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL, you MUST appear in person within 15 days at the district in which the citation was issued. Bring this citation with you.

☒ 1st District   415 4th Street, S.W.
☐ 2nd District   3320 Idaho Avenue, N.W.
☐ 3rd District   1620 V Street, N.W.
☐ 4th District   6001 Georgia Avenue, N.W.
☐ 5th District   1805 Bladensburg Road, N.E.
☐ 6th District   100 42nd Street, N.E.
☐ 7th District   2455 Alabama Avenue, S.E.

Ticket Number 0163252

Government of the District of Columbia - Metropolitan Police Department - VIOLATION CITATION - STD 10/01

**1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (At Time of Arrest)**

**2. PHONE NO.** | **3. VENDOR NO.**

**4. ADDRESS**
1434 Newton N.W.

| 5. SEX | 6. RACE | 7. BIRTH DATE | 8. SOCIAL SECURITY NO. | 9. BIRTHPLACE (CITY & STATE) |
|---|---|---|---|---|
| | B | 4/19/81 | 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 | Washington DC |

| 10. HEIGHT | 11. WEIGHT | 12. HAIR | 13. EYES | 14. COMPLEXION | 15. PERMIT NO/ST |
|---|---|---|---|---|---|
| 5 11 | | | | Med | 577062772 |

| 16. LOCATION OF OFFENSE | 17. DISTRICT WHERE OFFENSE OCCURRED | 18. DATE OF OFFENSE | 19. TIME OF OFFENSE |
|---|---|---|---|
| 7th & M S.W. | 1D | 5/15/07 | 2345 |

**20. CHARGES**

- ☐ FISHING VIOLATION
- ☒ VENDING VIOLATION
- ☐ UNTAXED CIGARETTES
- ☐ SELLING CIGARETTES WITHOUT LICENSE
- ☐ HEALTH CERTIFICATE (NONE/EXPIRED)
- ☐ IMPROPER REFRIGERATION OF FOOD
- ☐ SALE OF UNPREPACKAGED FOOD
- ☐ PLACARDS/SIGNS/POSTERS
- ☐ UNLEASHED DOG
- ☐ NOISE ACT VIOLATION
- ☐ RADAR DETECTOR
- ☒ OTHER Operating

FINE $ 1000.00

| 21. CCN | 22. MPD DISPOSITION | 23. COLLATERAL/BOND RECEIPT NO. |
|---|---|---|
| 065-957 | | |

You are hereby directed to report, within 15 days, to the district in which the citation was issued and post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days from the date you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL you MUST appear in person within 15 days at the district in which the citation was issued and an arraignment date will be scheduled for you. You do not need to post collateral in order to receive a TRIAL. Bring this citation with you.

| | | |
|---|---|---|
| ☒ | 1st District | 415 4th Street, S.W. |
| ☐ | 2nd District | 3320 Idaho Avenue, N.W. |
| ☐ | 3rd District | 1620 V Street, N.W. |
| ☐ | 4th District | 6001 Georgia Avenue, N.W. |
| ☐ | 5th District | 1805 Bladensburg Road, N.E. |
| ☐ | 6th District | 100 42nd Street, N.E. |
| ☐ | 7th District | 2455 Alabama Avenue, S.E. |

Ticket Number    0163256

# ~~SU~~PERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

AMERICA

VS.

Case No. 2007 CDC 16772

PDID No. 451-797

## ORDER ASSESSING COSTS

~~In~~ the above-entitled matter, having been found guilty on the 28TH _____ day of

_____ 20 08 , of TWO _____ Misdemeanor charge(s) and _____

~~hereby,~~ this 28TH _____ day of JANUARY _____ 20 08

~~to pay~~ the aggregate amount of $ 100.00 (ONE HUNDRED DOLLARS) _____

~~under~~ the Victims of Violent Crime Compensation Act of 1981. Such costs shall be paid today

2ND _____ day of JUNE _____ 2008 , the date scheduled

~~sentence~~ (payable at the Finance Office of the Superior Court, Room 1226). Said amount is payable

~~to~~ Columbia Treasurer and shall be deposited by the Finance Office to the credit of the Crime Vic-

~~tims~~ Fund.

_____
JUDGE

~~White-Docket~~   **Green-Defendant**   **Canary-Dept. of Employment Services**   **Pink-Finance Office**   **Goldenrod-Finance Office**

82-3194-P



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

## NOTICE TO RETURN TO COURT

Case No. 2007 CDC 027502

Defendant HUBERT L PHILOGENE

YOUR CASE IS SET FOR 9:00 am ON January 28, 2008
BEFORE THE HONORABLE JUDGE COURTROOM 120 IN Courtroom 120
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, 500 INDIANA AVENUE, N.W. FAILURE TO
APPEAR PROMPTLY MAY RESULT IN THE ISSUANCE OF A WARRANT FOR YOUR ARREST.

## IMPORTANT

It is your responsibility to appear on time in the proper courtroom. **Your obligation is to remain in the courtroom until released by a Judicial Officer.** Your name should be listed on the court calendar posted at the courtroom entrance. If it is not, please check with the Clerk in the courtroom before court begins or with the Pretrial Services Agency in Room C-301, or with a Clerk at the Information Window in the lobby of the courthouse to find out if your case will be handled in a different courtroom. If Court is closed due to an emergency, you are obligated to return to Court the next business day at 9:00 a.m.

**If you fail to reappear while your case is in trial it may continue in your absence up to and including the rendering of a verdict by the Court or Jury.**

_____
Signature of Defendant

**Penalties for failure to appear for a pending Felony charge: 5 years or $5,000 fine**

**Penalties for failure to appear for a pending Misdemeanor/Traffic charge: 180 days or $1,000 fine.**

1909 BRONZEGATE BLVD
SILVER SPRING, MD 20910
_____
Address of Defendant

_____
Vic Simon, Deputy Clerk

November 29, 2007

cdntrtc.doc

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America

**JUDGMENT IN A CRIMINAL CASE**

PHILOGENE

Case Number: __2007 CDC 16772__

PDID No. __451-797__

## DEFENDANT:

☐ ENTERED A PLEA OF GUILTY TO COUNT (S) _____

☐ WAS FOUND GUILTY ON COUNT (S) (1) _____
☐ AFTER A PLEA OF NOT GUILTY.

| <u>Nature of Charges</u> | <u>Title & Section</u> | <u>Date of Offense</u> |
|---|---|---|
| Operating Business without a license | | 07/18/2007 |

## SENTENCE OF THE COURT

COUNT (1): FIVE (5) DAYS IN JAIL, E.S.S. AS TO ALL. FOLLOWED BY SIX MONTHS UNSUPERVISED TERMS TO RUN CONCURRENT WITH 2007 CDC 27582. FINE OF $250.00 (TWO HUNDRED FIFTY) DUE 06/02/2008.

☐ The defendant is hereby ordered placed on probation - See page 2 of this order for conditions of probation

An aggregate amount of $ 100.00 _____ have been assessed under the Victims of Violent Crime Compensation Act, and ☐ have ☒ have not been paid.

_____
Date

_____
**Judge**
**JOHN H. BAYLY, Associate Judge**
Name and Title of Judicial Officer

Certified by Clerk pursuant to Criminal Rule 32(d).

_____
Date

**Antoinette Wilson**
Deputy Clerk



HUNTERB 01/28/2008 11:23:1



...@dc.gov>
... 24, 2007 1:43 AM
...ng compliance

...utifully trying to have all the required licenses and permits for my business, Lime Club,
...d I have been complying with all applicable laws, regulations, and policies. As you
...ers to provide for additional public safety through MPD's Club Zone Overtimer Detail

...rances from ABC inspectors that everything here is in order and that I am in
...known reason, MDP officers have, on repeated occasions, been issuing citations to
...for example, for a total of $2,000) for "operating a public hall without a certificate."
...ting as a Public Hall.

...MPD officers have, on two successive weekends, illegally shut my business down
...Sun. They kicked all of my customers out and closed me down based on their
...nse my business without a Public Hall license. This not only caused me financial
...of my employees out on the street and damaged my reputation.

...pliance with the provisions of Section 710.3 by charging a minimum fee for food and
...tors, who have been here and observed my operation in person, have confirmed to
...License (72455) and a Restaurant License (80011XXXX-65003379, both of which
...n Cultural Center, LLC, I am in compliance.

...scribed above, now MPD is not providing me with the Club Zone Overtime Detail
...se MPD is maintaining that I am not operating with a valid license. How does this
...public safety? MPD is representing to me that ABRA and DCRA have asked MPD to take
...Is this true?

...gal citations referenced above, I have been advised that MPD officers, as part of what
...national vindetta against my club, have been submitting 251s (Incident Reports) related
...may or may not accurately reflect reality. I realize that is a disconcerting statement, but I
...art of an MPD scheme to lay a foundation to close my business down by whatever means

...now, Mr. Stokes (from DCRA ?) is preventing me from renewing my license based on
...me for these alleged and unfounded "violations."
...posed fines to me, totaling $12,000, for not having a public hall license.

...seem to have been singled out for this harrassment by MPD's First District and possibly

...owe, I have hired an attorney to file a lawsuit against any and all parties which are
...ging in these unlawful and unjustified actions against me. My lawyer is also going to
...citations issued by MPD.

...you could please advise me what else I am supposed to do to correct these injustices?

Th...much,

Hu...
c (...

Print

**From:** hubert philogene (compnet_hubert@yahoo.com)
**To:**
**Date:** Sunday, July 20, 2008 8:49:08 AM
**Subject:**

*Delaney, Maria* **(ABRA)" <maria.delaney@dc.gov>** wrote:

Mr. Philogene,

While your establishment does have a pending show cause hearing currently scheduled before the Alcoholic Beverage Control Board for June 27, 2007 at 1 p.m., the citations referenced in your letter were not issued by and are not under the jurisdiction of the Alcoholic Beverage Regulation Administration.  As a result, I would suggest that you contact the Metropolitan Police Department (MPD) and or the Department of Consumer and Regulatory Affairs who would be in a better position to discuss these issues with you.

Maria

*Maria M. Delaney*
*Director*
*Government of the District of Columbia*
*Alcoholic Beverage Regulation Administration*
*941 North Capitol Street, N. E., Suite 7200*
*Washington, D.C. 20002*

*Phone:    (202) 442-4423*
*FAX:    (202) 727-4052*

*Email:  maria.delaney@dc.gov*

*Exhibit E*

# METROPOLITAN POLICE DEPARTMENT
## Washington, D. C.

P.D. 163 Rev. 1/2002
ARREST/PROSECUTION REPORT
G.O. 401.5

**5. UNIT-ARREST NO.** 010703436

**3. Arresting Officer's Name**
OWENS, C.
Rank OFC. Badge # 3776 Agency MPDC

**9. TYPE OF RELEASE** ☑ Citation ☐ Bond ☐ Collateral

**12. COURT DATE** 07/02/07 7/6/07

**1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY)**

**2. ID NUMBER (ID ONLY)** 451797

**3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY)** *Philogene Hurbert Leslie*

**4. CID NUMBER**

**6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest)** PHILOGENE, HUBERT LESLIE

**7. DEA LAB NUMBER**

**10. NICKNAME / ALIAS**

**11. PHONE NUMBER** (202) 870-3664

**13. ADDRESS (Include Room / Apt. No. City & State / Outside D.C.)** 1909 BRONZEGATE BLVD. SILVER SPRING, MD. 20904

**14. TIME IN D.C.**

**15.** ☐ CHILD ABUSE ☐ GANG ☐ HATE SPECIAL INTELLIGENCE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE

**16. SEX** ▶ Male
**17. RACE** ▶ Black
**18. BIRTHDATE** 2/6/68
**19. SOCIAL SECURITY NUMBER** 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

**20. NEED INTERPRETER** ☐ YES ☑ NO
**21. HEIGHT** 6-01
**22. WEIGHT** 210
**23. HAIR** BLK
**24. EYES** BRO
**25. COMPLEX** Med
**26. PERMIT HOST** P-425-319-512-098 / MD
**27. BIRTHPLACE (City & State)** ST. CROIX / U.S. VIRGIN

**28. CO-DEFENDANTS: Number 0 (if more than 3, list on back)**
NAME, ADDRESS, ZIP CODE AND PHONE NUMBER

**29. IMPERSONATOR?** ☐ M ☐ F ☒ NO
**30. ETHNICITY** AFRICAN
**31. CAUTION** NONE

1.

2.

3.

**32. SCARS/MARKS/TATTOOS** NONE

**33. HAT** N/A
**34. JACKET** N/A
**35. PANTS** BLUE JEANS

**36. COAT** N/A
**37. SHIRT** WHITE SHIRT
**38. SKIRT/DRESS** N/A

**CHECK MADE BY (Name)** OFC. BROWN

**39. WALES/NCIC CHECK**
NCIC NUMBER 58951
WARRANT ON FILE (If Yes, enter Warrant Numbers)
Yes ☐ No ☒

**40. LOCATION OF OFFENSE (Exact Address, Include Room / Apt No.)** 1824 HALF ST. S.W. WASHINGTON D.C. 20024

**DATE OF OFFENSE** ▶ 07/02/07
**TIME OF OFFENSE** ▶ 0055

**41. LOCATION OF ARREST (Exact Address, Include Room / Apt No.)** 1824 HALF ST. S.W. WASHINGTON D.C. 20024

**DATE OF ARREST** ▶ 07/02/07
**TIME OF ARREST** ▶ 0105

**42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY** SIPES, MPO, 4265, MPD

**ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY**

**DATE** | **TIME** | **LOCATION**

**43. DEFENDANT ADVISED OF RIGHTS**
NOT ADVISED
OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A

**BADGE NO.** | **UNIT**

**44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)** MORE ☐ See Back

W-1 ▶ OWENS, CHARLES
ADDRESS – STREET, CITY, STATE, ZIP CODE 415 4TH ST. S.W. WASHINGTON D.C.
**BIRTHDATE** N/A
**HOME PHONE NO.** N/A
**WORK PHONE NO.** (202) 698-0555

W-2 ▶

**45. SPEC. OPS** PSA-104
**46. TACTICS** 1 - Routine Patrol
**47. PREMISES** NIGHT CLUB
**48. SCHOOL ZONE** ☐
**PUBLIC HOUSING** ☐

| CHARGES | NCI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLAT/BOND RECEIPT NO. |
|---|---|---|---|---|
| 1. OPERATING A BUSINESS W/O LICENSE | | 088-739 | *aut* | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

**50. PROPERTY RECOVERY / ITEMS OF EVIDENCE**
PROPERTY BOOK/PAGE NO. 1295 / 181
CSES NO.

**51. INITALS – DATE – UNIT OF PERSON TAKING PRINT**

**52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS**

**53. RIGHT THUMB PRINT**

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

| 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1) | | | |
|---|---|---|---|
| **EMPLOYER** | **ADDRESS** | **BUS. PHONE** | **OCCUPATION** |
| PLOYED | 1824 HALF ST. S.W. WDC | (202) 870-3664 | BUSINESS |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES (Begin with immediate family) | | |
|---|---|---|
| **NAME – LAST, FIRST, M.I.** | **ADDRESS – STREET, CITY, STATE, ZIP CODE** | **PHONE NUMBER** |
| NAVARO, NANDRED | 1909 BRONZEGATE BLVD. SILVER SPRING, MD 20904 | (301) 328-0293 |

| TO | 58. TELEPHONE CALL MADE ☐ YES ☒ NO ☐ REFUSED | | 59. PHONE NUMBER |
|---|---|---|---|

*...statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any ...ect(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)*

...7 at approximately 0055 at 1824 HALF ST. S.W. WASHINGTON D.C. 20024 in Washington DC.

...ATE AND TIME MPO SIPES, OFC. KEHOE AND I OFC. OWENS WERE CONDUCTING A ...LIME NIGHT CLUB AT THE LISTED LOCATION. WE SPOKE TO THE DEFENDANT MR. ...NE (OWNER) AND INQUIRED ABOUT HIS BUSINESS LICENSE. D-1 PRODUCED A BASIC ...XXX-65003379 CATEGORY: 112 WITH AN EXPIRED LICENSE DATE OF 05/31/2007. D-1 ...CURRENT LICENSE. D-1 WAS THEN PLACED UNDER ARREST AND TRANSPORTED TO THE ...HER PROCESSING.

| 61. DEFE... | ...[What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)] | | | |
|---|---|---|---|---|

| 62. RECO... OFC. ... | | 1. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| ...ND SUMMARY | | 4. | 6. | 1256/308 |

| 65. BAIL R... | Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no (If yes, include in Defendant's Version/Remarks Section above.) | | | |
|---|---|---|---|---|

| 66. PRINTE... CHARL... | ...RING STATEMENT | BADGE NUMBER 3776 | RANK OFC | 68. SIGNATURE OF REVIEWING OFFICIAL _Sgt. G. W. Ma___ |
|---|---|---|---|---|
| 67. SIGNAT... OFC | ...NG STATEMENT | UNIT 1D | DATE 7/2/2007 | UNIT 1-D   DATE 7-2-07 |

# METROPOLITAN POLICE DEPARTMENT
## Court Case Review

Page _1_ of _1_

PD 168 Revised 1/2002

| | |
|---|---|
| DEFENDANT'S TRUE NAME: (Last, First, Middle) | CCN NUMBER · 088-739 | DATE OF ARREST 07/02/07 |

**DEFENDANT'S NAME (AT TIME OF ARREST)**
PHILOGENE, HUBERT LESLIE

PROPERTY CONTROL NUMBER

DEA LAB NUMBER

**POLICE CHARGES:**
OPERATING A BUSINESS W/O LICENSE

**CO-DEFENDANTS:** (List name and arrest number)

| | | | |
|---|---|---|---|
| 1. | | 3. | |
| 2. | | 4. | |

| OFFICER/DETECTIVES NAMES: | | BADGE | UNIT: | CASE INVOLVMENT (Use codes table from reverse side) |
|---|---|---|---|---|
| 1 | OWENS, C. | 3776 | MPDC | PC |
| 2 | SIPES | 4265 | MPD | 2N |
| 3 | | | | 2N |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |

I HEREBY CERTIFY THAT THE ABOVE ☐ LISTED MEMBERS PARTICIPATED IN THE INVESTIGATION OF THIS ARREST AND ARE INVOLVED POLICE WITNESSES.

| Preparing Officer (Last, First, MI) CHARLES OWENS | Badge No. 3776 | Unit 1D |
|---|---|---|
| Preparing Officer's Signature OFC. Charl 1.0 | | Date 7/2/07 |
| Reviewing Official (Last, First, MI) MACK, KENNETH W. | Rank SGt. | Unit 1-D |
| Reviewing Official's Signature SGt. K.W.M | | Date 7-2-07 |

AUSA/OCC Use Only

### Court Notification Form

Washington, D.C.

**Metropolitan Police Department**

PART I - CLASSIFICATION OF EVENT

**TYPE OF REPORT**
- Offense
- Incident

FILL IN THE OVALS COMPLETELY

Right Mark
Wrong Marks

**DATE AND TIME OF EVENT**

Start Date: Month 02 Day 07 Year 07 / Start Time: Hour 00 Minute 55

**DATE OF REPORT**: Day 02 07 Year 01 / **TIME OF REPORT**: Hour 05

**DISTRICT / SECTOR / BEAT / COMPLAINT NUMBER**

**EVENT LOCATION ADDRESS**

1824 HALF ST SW
WASHINGTON D.C. 20024

- Rear of
- In front of
- Along side of
- Inside of
- NW Corner
- NE Corner
- SW Corner
- SE Corner

**REPORT RECEIVED BY**
- TRU
- Walk-in
- On-scene
- Radio run

**IS RADIO RUN LOCATION AND EVENT LOCATION THE SAME?**
- Yes
- No

**PROPERTY TYPE**
- Public
- Private

**EVENT NO. 1**
WEARING A BUSINESS W/O LICENSE

**EVENT NO. 2**
ABC INCIDENT

**EVENT NO. 3**

**WEATHER CONDITIONS**
- Clear
- Cloudy
- Rain
- Snow
- Other
- Not applicable
- Unknown

**FORCED ENTRY**
- Yes
- No

**POINT OF ENTRY**: N/A

**a. Method Used**: N/A    **b. Tools Used**: N/A

**SUSPECTED HATE CRIME?**
- None
- Racial
- Ethnic
- Religious
- Sexual Orientation

**SECURITY SYSTEM** (Mark all that apply)
- Camera
- Alarm/Audio
- Alarm/Silent
- Dog
- Dead bolt
- Unlocked
- Exterior lights
- Interior lights
- Fence
- Guard
- Other
- Neighborhood watch
- Other
- Not applicable
- Unknown

**LOCATION TYPE** (Mark only one)
- Air/Bus/Train terminal
- Alley
- Bank/Savings & loan
- Bus stop
- Church/Synagogue/Temple
- College/University
- Commercial office building
- Construction site
- Convenience store
- Department/Discount store
- D.C. government building
- Doctor's office/Hospital
- Drug store
- Federal/Government bldg.
- Field/Woods
- Grocery/Supermarket
- Hotel/Motel/Etc.
- Jail/Prison
- Lake/Waterway
- Liquor store
- Park area
- Parking lot/Parking garage
- Public housing project
- Public/Private school
- Rental storage facility
- Residence/Home
- Restaurant
- Service station
- Sidewalk
- Specialty store
- Street/Highway/Road
- Tavern/Night club
- Other
- Not applicable
- Unknown

**DESIGNATED AREAS** (Mark all that apply)
- Victim's vehicle
- Suspect's vehicle
- Taxi-cab
- Bus
- Train/Metro/Amtrak/Etc.
- Hallway
- Elevator
- Stairwell
- Basement/Laundry room
- Apartment/Condo unit
- Single family dwelling
- Hotel/Motel room
- College/University dorm
- Classroom
- Office room
- Vacant building/room
- Customer area
- Storage area
- In public housing
- Witn 1 block public housing
- Within 1,000 ft. of school
- Other
- Not applicable
- Unknown

PART II - VICTIM INFORMATION

**NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**

OWENS, CHARLES

**RELATED TO EVENT NO(S)**

**VICTIM TYPE**
- Individual
- Business
- Financial inst.
- Government
- Religious org.
- Society/Public
- Police officer
- Other

**DATE OF BIRTH**: Unknown / NA — Month Day Year

**AGE RANGE**
- 0-1 yr.
- 2-12 yrs.
- 13-17 yrs.
- 18-65 yrs.
- Over 65

**SEX**
- Male
- Female
- Un-known

**HOME PHONE**: ( ) NONE

**BUSINESS PHONE**: (202) 698-0555

**RACE/ETHNICITY** (Mark all that apply)
- American Indian/Alaskan Native
- Asian/Pacific Islander
- Black
- Chinese
- Latino/Hispanic
- Jamaican
- Japanese
- Korean
- Vietnamese
- White
- Other
- Unknown/Refused

- DC Resident
- Non-DC Resident
- Unknown

**HOME ADDRESS**
NONE

**BUSINESS ADDRESS/SCHOOL**
415 4th St. SW
WASHINGTON DC. 20024

**OCCUPATION**
POLICE OFFICER

**IS EVENT RELATED TO OCCUPATION?**
- Yes
- No
- Unknown

**ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**
NONE

**NAME OF COMPLAINANT/VICTIM/MISSING PERSON NO. 1**

**RELATED TO EVENT NO(S)**

**VICTIM TYPE**
- Individual
- Business
- Financial inst.
- Government
- Religious org.
- Society/Public
- Police officer
- Other

**DATE OF BIRTH**: Unknown / NA — Month Day Year

**AGE RANGE**
- 0-1 yr.
- 2-12 yrs.
- 13-17 yrs.
- 18-65 yrs.
- Over 65

**SEX**
- Male
- Female
- Un-known

**HOME PHONE**: ( )

**BUSINESS PHONE**: ( )

**RACE/ETHNICITY** (Mark all that apply)
- American Indian/Alaskan Native
- Asian/Pacific Islander
- Black
- Chinese
- Latino/Hispanic
- Jamaican
- Japanese
- Korean
- Vietnamese
- White
- Other
- Unknown/Refuses

- DC Resident
- Non-DC Resident
- Unknown

**HOME ADDRESS**

**BUSINESS ADDRESS/SCHOOL**

**OCCUPATION**

**IS EVENT RELATED TO OCCUPATION?**
- Yes
- No
- Unknown

**ADDITIONAL MEANS TO CONTACT COMPLAINANT/VICTIM NO. 1**

**STATUS**
- Open
- Closed
- Closed by arrest

**REVIEWER**

**DISTRIBUTION**

| | IS VICTIM #1 THE REPORTING PERSON? IF NO, ENTER THE NAME, ADDRESS AND PHONE NUMBER OF THE REPORTING PERSON. ○ Yes ○ No | Name: _____ Address: _____ | Phone-Area Code: _____ |
|---|---|---|---|

| DID THE REPORTED EVENT OCCUR AS A RESULT OF AN INTRA-FAMILY MATTER? ○ Yes ○ No | WAS PD FORM 378A ISSUED? ○ Yes ● No | IS CPO/TPO OUTSTANDING? ○ Yes ● No ○ Unknown | IF YES, ENTER CPO/TPO #: |
|---|---|---|---|

| INJURIES | Use the following codes to describe injuries. (Mark all that apply) N = None Visible M = Apparent Minor Injury B = Apparent Broken Bones | O = Other Major Injury I = Possible Internal Injury G = Gunshot | L = Severe Laceration T = Loss of Teeth U = Unconscious |

| INJURED | NUMBER | INJURY CODE | DESCRIBE INJURY | WHERE TAKEN | BY WHOM | DCFD AMB. | DCFD AMB. # | STATUS |
|---|---|---|---|---|---|---|---|---|
| ○ Victim | | | | | | ○ Yes | | ○ Admitto |
| ○ Suspect | | | | | | ○ No | | ○ Release |
| ○ Victim | | | N | | | ○ Yes | | ○ Admitto |
| ○ Suspect | | | | | | ○ No | | ○ Release |
| ○ Victim | | | A | | | ○ Yes | | ○ Admitto |
| ○ Suspect | | | | | | ○ No | | ○ Release |
| ○ Victim | | | | | | ○ Yes | | ○ Admitto |
| ○ Suspect | | | | | | ○ No | | ○ Release |

**PART III - PROPERTY**

| Codes | S = Stolen E = Evidence R = Recovered F = Found | I = Impounded V = Vehicle from which theft occurred D = Alleged drug type | L = Lost P = Suspected proceeds of crime O = Other | a. Property Book & Page No. 1295/191 | b. Location of Property Book PB |
|---|---|---|---|---|---|

| Code | Description of Item(s) | Serial Number/ Operation ID No. | Model No. | Color | Size | Quantity | Comp. Value | Age | MPDC Value |
|---|---|---|---|---|---|---|---|---|---|
| E | BUSINESS LICENSE (EXPIRED) | B101XXXX 65XX57X | | | | 1 | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| VEHICLE INFORMATION | Vehicle operated/used by: ○ Victim ○ Suspect ○ Victim's vehicle taken by suspect |
|---|---|

| Code | Year | Make | Model | Color | Body | Tag No./State/Year | VIN |
|---|---|---|---|---|---|---|---|
| N/A | | | | | | | |

**PART IV - SUSPECT/MISSING PERSON INFORMATION (use narrative if additional space is needed )**

| #1 ● Suspect ○ Missing | a. Race ○ Asian ○ White ● Black ○ Latino/Hispanic | b. Sex ● Male ○ Unknown ○ Female | c. Exact Age or Range 38 | d. Height 6-01 | e. Weight 220 | f. Eyes BRO | g. Hair BLK |
|---|---|---|---|---|---|---|---|
| h. Complexion MED | i. Scars NONE | j. Mustache MED | k. Facial Hair NONE | l. Hat N/A | m. Coat/Jacket N/A | n. Pants BLUE JEANS | o. Blouse/Shirt WHE. SHIRT | p. Perpetrator Suspected of Us ○ Alcohol ○ Drugs ○ Computer ● None |

| Firearm ○ Handgun ○ Shotgun ○ Other ○ Revolver ○ Semi-automatic firearm ○ Rifle ○ Automatic | Other ○ Cutting Instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Cali |
|---|---|---|---|---|---|

**q. Weapons Used in Offense (Mark all that apply)**

| #2 ○ Suspect ○ Missing | a. Race ○ Asian ○ White ○ Black ○ Latino/Hispanic | b. Sex ○ Male ○ Unknown ○ Female | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Us ○ Alcohol ○ Drugs ○ Computer ○ None |

| Firearm ○ Handgun ○ Shotgun ○ Other ○ Revolver ○ Semi-automatic firearm ○ Rifle ○ Automatic | Other ○ Cutting Instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Cali |
|---|---|---|---|---|---|

| #3 ○ Suspect ○ Missing | a. Race ○ Asian ○ White ○ Black ○ Latino/Hispanic | b. Sex ○ Male ○ Unknown ○ Female | c. Exact Age or Range | d. Height | e. Weight | f. Eyes | g. Hair |
|---|---|---|---|---|---|---|---|
| h. Complexion | i. Scars | j. Mustache | k. Facial Hair | l. Hat | m. Coat/Jacket | n. Pants | o. Blouse/Shirt | p. Perpetrator Suspected of Us ○ Alcohol ○ Drugs ○ Computer ○ None |

| Firearm ○ Handgun ○ Shotgun ○ Other ○ Revolver ○ Semi-automatic firearm ○ Rifle ○ Automatic | Other ○ Cutting Instrument ○ Hands/Feet/Teeth ○ Other (specify) ○ Blunt object ○ None ○ Motor vehicle ○ Unknown | Color | Make | Model | Cali |
|---|---|---|---|---|---|

*Value of vehicles to be entered by Information Processing section

CCN 088-739-

PAGE

ON THE ABOVE LISTED DATE AND TIME MPO SIPES, OFC. KEYHOE OFC. OWENS CONDUCTED A BUSINESS CHECK OF THE LISTED LOCATION. WE INQUIRED ABOUT THE BUSINESS LICENSE. S-1 PRODUCED EXPIRED BUSINESS LICENSE 05/31/2007. S-1 WAS ARRESTED TRANSPORTED TO THE FIRST DISTRICT FOR PROCESSING. S-1 OBSERVED CUSTOMERS AND EMPLOYEES ENTERING AND EXITING THE ESTABLISHMENT AND THAT ESTABLISHMENT IS OPEN FOR BUSINESS.

FAXED TO ABRA 07/02/07 ; MRS. BENNETT

SECOND OFFICER'S NAME: MPO SIPES   ELEMENT: 10

OFC. CHARLES OWENS

P.D. 252 Rev. 1/2002 | Metropolitan Police Department | **SUPPLEMENT REPORT** | Washington, D.C.

| ☐ Classification Change | ☒ Additional Information | 1. DISTRICT 1D | 2. BEAT 104 | 3. RA 104 | 4. ORIGINAL CLASSIFICATION **OPERATING A BUSINESS** | 5. COMPLAINT NUMBER 088-739 |
|---|---|---|---|---|---|---|

| 6. DATE OF THIS REPORT 7/2/2007 | 7. REPORTING ELEM. 1D | 8. CLASSIFICATION OF REPORT CHANGED TO: |
|---|---|---|

| 9. DATE AND TIME OF EVENT 07/02/070055 | 10. DATE AND TIME OF ORIG. RPT. 7/2/2007 02:17 | 11. EVENT LOCATION 1824 HALF ST. S.W. WASHINGTON D.C. | 12. PROPERTY TYPE NIGHT CLUB |
|---|---|---|---|

| 13. RADIO RUN RECEIVED NO | 14. DESCRIBE LOCATION BUILDING | 15. WHERE ENTERED N/A | 16. TOOLS/WEAPONS N/A | 17. METHODS N/A |
|---|---|---|---|---|

18. COMPLAINANT/MISSING PERSON/FIRM **OWENS, CHARLES** — SEX M — RACE B — DATE OF BIRTH N/A

| COMPLAINANT/MISSING PERSON/FIRM | | SEX | RACE | DATE OF BIRTH |
|---|---|---|---|---|

| ☒ SUSPECT ☐ MISSING PERSON | RACE Black | SEX Ma | AGE | HEIGHT 6-01 | WEIGHT 210 | EYES BR | HAIR BL | COMPLEXION Med | SCARS NON | HAT N/A | COAT N/A | JACKET N/A | PANTS BLU | SHIRT WHI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ SUSPECT ☐ MISSING PERSON | RACE | SEX | AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPLEXION | SCARS | HAT | COAT | JACKET | PANTS | SHIRT |

19. SOLVABILITY FACTORS # — Complete each item below. If additional space is needed, use the narrative section. If necessary, use PD Form 251-A. Refer to the specific item numbers when continuing information in the narrative section or on PD Form 251-A.

| IS THERE A WITNESS? | ☐ YES ☒ NO | If yes, enter name(s), address(es), phone number(s), hours of availability and brief account. |
|---|---|---|
| IS A SUSPECT NAMED? | ☒ YES ☐ NO | Enter the name and include any nickname used. **PHILOGENE, HUBERT LESLIE** |
| IS THE STOLEN PROPERTY TRACEABLE? | ☐ YES ☒ NO | Include reason why or why not. |
| IS PHYSICAL EVIDENCE PRESENT? | ☐ YES ☒ NO | Describe it. |
| IS THE PERPETRATOR KNOWN TO THE VICTIM? | ☐ YES ☒ NO | If yes, describe the relationship. |
| WAS A REFERRAL FORM GIVEN TO THE COMPLAINANT? | ☐ YES ☒ NO | N/A |
| DURING WHAT HOURS IS COMPLAINANT AVAILABLE FOR INTERVIEW ANYTIME | | N/A |
| IS AN MO OR PATTERN INDICATED? | ☐ YES ☒ NO | DESCRIBE MO OR PATTERN N/A |

Case Closed With Arrest

### 21. ADDITIONAL STOLEN PROPERTY

| CODE | ITEM | SERIAL NO./OPERATION ID NO. | MODEL NO. | COMP. VALUE | AGE | MPDC VALUE | Property Book |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOK/PAGE NO. / ADDITIONAL VALUE |
| YEAR | MAKE | MODEL | COLOR | BODY | TAG / STATE / YEAR | VEHICLE IDENTIFICATION NO. | ORIGINAL VALUE / TOTAL PROP. VALUE |

22. NARRATIVE: Record your activity and all developments in the case subsequent to your last report. List the names, addresses, sex, race, age, and arrest numbers of all arrested persons. Explain any change in classification. List the names, addresses, and telephone numbers of all witnesses and suspects.

Case closed with the arrest of PHILOGENE, HUBERT LESLIE a Black Male of 1909 BRONZEGATE BLVD. SILVER SPRING, MD. 20904, social security number 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, date of birth 9/6/48, arrest number 010703436.

| 23. STATUS ☐ OPEN ☐ PRIOR CLOSED ☒ CLOSED | ☐ UNFOUNDED (EXPLAIN IN NO. 22) ☐ SUSPENDED (EXPLAIN IN NO. 22) | 24. TELETYPE NO. | 25. SOLVABILITY RATING | 26. SOLVABILITY CLASSIFICATION |
|---|---|---|---|---|

| 27. INVESTIGATIVE OFFICER'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER | 27. SUPERVISOR'S RECOMMENDATION ☐ SUSPEND ☐ INVESTIGATE FURTHER |
|---|---|

| 28. REPORTING MEMBER'S SIGNATURE / BADGE/ELEM. Ofc. Church 1.0    5776 1-0 | 30. INVESTIGATOR'S SIGNATURE / BADGE/ELEM. | 32. SUPERVISOR'S SIGNATURE / BADGE/ELEM. Sgt. Kld Mu  5-812  1-0 |
|---|---|---|

| 29. INVESTIGATIVE REVIEW OFFICER | 33. SUPERVISOR | BADGE/ELEM. | 34. REVIEWER | 35. DISTRIBUTION |
|---|---|---|---|---|

* * * Value of vehicles will be entered by the Information Processing Section.
Data Processing Division    OWENS, C.

Page 1 of 1 Pages

**Metropolitan Police Department — Property in the Custody of the Property Division — Washington, D.C.**

| 1. Property Control No. | 2. Receiving Elem. | 3. Property Book & Page No. | 4. CCN | 5. No. of Items |  |  |
|---|---|---|---|---|---|---|
| 1D | 1295 / 181 | 088-739 | 1 | 0 |  |  |

| 8. CSOSA Number | 9. Name of Member Recovering Property | Badge No. | Page 1 of 1 | 6. RXI Lab Number | 7. RXI Lab Number |
|---|---|---|---|---|---|
|  | OFC. OWENS, C. | 3776 | 10. Name of Member Preparing Return OFC CHARLES OWENS | Badge No. 3776 | |

Use the following codes to classify property in Item E below.

A = Abandoned
B = Turned Over to Police for Destruction
C = Suspected Proceeds of Crime
D = Estate of Deceased

E = Evidence
F = Found
G = Safekeeping-Recovered Stolen Auto
H = Held for Civil Forfeiture

I = Impounded
J = Removed from Impounded Vehicle
K = Set out for Eviction
L = Prisoner's Property
M = Alleged Mentally Ill

| 1. Date recovered 07/02/07 | 2. Where was property found? 1824 HALF ST. S.W. WASHINGTON D.C. 20024 |
|---|---|

(Check block that apply)

| A. Item No. | B. Description of Item | C. Color | D. Serial Number | E. Classification | F. Quantity | G. Storage Site | H. Storage Facility | I. Storage Location | J. Controlling Manual | K. Drug Related | L. Expensive | M. Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | BASIC BUSINESS LICENSE | | 80011XXXXX-65003379 | E | 1 | | | | | | | |
|  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |

| Item No. | Tag Number | Registration State/Year | Body Style | No. of Tires | Make | Year of Manufacture | Vehicle Identification Number |
|---|---|---|---|---|---|---|---|
|  | Anti-freeze in vehicle? ☐ Yes ☐ No | Radiator tagged and drained? (Date) ☐ Yes ☐ No | | Auto Theft Notified (Name, date & time) | | | Teletype notified (Name, date & time) |

| Released to (Signature) | Address | Returned By (Initials) | Date of Release | Method of Disposition | Sale Price | Fees to D.C. Treas |
|---|---|---|---|---|---|---|

I. Use the following codes in item B (Type of Associate) - O = Owner  C = Claimant  D = Defendant  L = Lienholder  F = Finder

| A. Item Nos. | B. Type of Associate | C. Name of Associate | D. Address | E. Social Security No. | F. Telephone | G. Owner Notified | H. Charge | I. Age | J. Arrest No. | K. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | D | PHILOGENE, HUBERT | 1909 BRONZEGATE BLVD. SILVER | 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 | (202) 870- | ☒Yes ☐No | | 0 1 0 7 | | |
| | | | | | | ☐Yes ☐No | | | | |
| | | | | | | ☐Yes ☐No | | | | |
| | | | | | | ☐Yes ☐No | | | | |
| | | | | | | ☐Yes ☐No | | | | |

**Brand Name** | **Type** | **Model No.** | **Number** | **Carrier** | **Barrel** | **Shots** | **Indicated?** | **Number**

| | | | | | | | ☐Yes ☐No | |
| | | | | | | | ☐Yes ☐No | |
| | | | | | | | ☐Yes ☐No | |

**Arrest Information**

L. Name of Person Making Notification(s) | Date | M. Was NCIC Check Made for Identifiable property? ☐Yes (Attach copy of NCIC Inquiry) ☒No

Name | Address | Telephone No. | Foreign Country

ON THE ABOVE LISTED DATE AND TIME MPO SIPES, OFC. KEHOE AND 1 OFC. OWENS WERE CONDUCTING A BUSINESS CHECK OF THE LIME NIGHT CLUB AT THE LISTED LOCATION. WE SPOKE TO THE DEFENDANT MR. HUBERT LESLIE PHILOGENE (OWNER) AND INQUIRED ABOUT HIS BUSINESS LICENSE. PRODUCED A BASIC BUSINESS LICENSE #80011XXXX-65003379 CATEGORY: 112 WITH AN EXPIRED LICENSE DATE OF 05/31/2007. D-1 STATED THAT HE H/ NO CURRENT LICENSE. D-1 WAS THEN PLACED UNDER ARREST AND TRANSPORTED TO THE FIRST DISTRICT FOR FURTHER PROCESSING.

Signature of Commanding Officer



BASIC BUSINESS LICENSE

CARIBBEAN CULTURAL CENTER, LLC
1824 HALF ST SW
WASHINGTON, DC 20004

MCCANTS, LEONARD
CARIBBEAN CULTURAL CENTER
3117 BIRCH ST NW
WASHINGTON, DC 20015

PUBLIC HEALTH: FOOD EST RET
RESTAURANT

Square: 664    Perm No.:    Lot:    Sub.:    Zone:    Ward:    ANC:

Suf.:    Vin#:    Tab First:    Tab Last:

**METROPOLITAN POLICE DEPARTMENT**
Washington, D.C.

# EVIDENCE

Evidence Envelope

*1* OF *1*

2. PDID No.

BART PHILOGENS

4. Date of Birth
2/6/68

6. Apt. No.

RONLEGATE BLVD. SILVER SPRING MD. 20904

No

8. Birthplace   ST. CROIX   VIRGIN ISLAND

9. Date of Offense
7/2/07

12. Hgt. | 13. Wgt. | 14. Hair | 15. Eyes | 16. Co-Defendant No. 1
6-01 | 215 | BLK | BRO |

Number | 18. Dist. of Arrest  1 | 19. Date/Time  7/2/07 / 045 | 20. Co-Defendant No. 2

SS W.O. LIC. | 22. Dist. & Arrest No.  10 CXO70399 | 23. Property Book  1295 | 24. Page No.  181

(1) BUSINESS LICENSE

Exactly (i.e., location in MRO, or on person)   1874 HALF ST. SW. WASHINGTON D.C.

NS, C. | 28. Assigned To   1D | 29. Purchased By

31. Collected By | 32. Assigned To

RECOVERING EVIDENCE WILL PERSONALLY PLACE IN ENVELOPE AND SEAL

Signature  _____ | Date  7/2/07 | Time

Printed Name  CHARLES L. OWENS | Assigned  LE

OF THE NARCOTIC BRANCH

Location Picked Up | Date | Time

TO THE DRUG ENFORCEMENT
...TION, MID ATLANTIC REGIONAL
...ORY AT 1440 McCORMICK DR., LARGO, MD.,
...ALYSIS

36. Lab Number

Pouch Size:
10" x 12"

...cotics and Special Investigations Division, M.P.D.C. | Date
P.D. 95 Rev. 3/04.

## DISTRICT OF COLUMBIA FINAL DISPOSITION REPORT

| ST NAME | FIRST | MIDDLE | SUFFIX | | OCA | | F.B.I. Number | SID/PDID Number |
|---|---|---|---|---|---|---|---|---|
| ILLOGENE, HURBERT LESLIE | | | | | | | | 451797 |

| AS AND/OR NICKNAME | | PLACE OF BIRTH (STATE OR COUNTRY) | CO |
|---|---|---|---|
| | | U.S. Virgin Islands | US |

| X | RACE | DOB | SOCIAL SECURITY NUMBER | HEIGHT | WEIGHT | EYES | HAIR | SCARS, MARKS, TATTOOS |
|---|---|---|---|---|---|---|---|---|
| | B | 02/06/1968 | 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 | 601 | 210 | BRO | BLK | |

| OME ADDRESS | STREET | CITY – TOWN | STATE | ZIP CODE |
|---|---|---|---|---|

| HARGE | | | |
|---|---|---|---|
| 669 OTHER MISDEMEANOR (NOT CATEGORIZED) (operating a business ithout a license) | ORI CONTRIBUTOR ADDRESS  DCMPD 0000 PD WASH, DC | | DATE OF OFFENSE 07/02/2007 |
| | | | DATE OF ARREST 07/02/2007 |
| | ARRESTING OFFICER (LAST, FIRST, MI) OWENS | | BADGE NUMBER 3776 |
| | ARREST NUMBER 010703436 | PHOTO AVAILABLE THIS ARREST  X | PALM PRINT THIS ARREST  X |

| CTN NO/DOCKET NUMBER | |
|---|---|
| SPOSITION (CHECK ONE) | SENTENCE IMPOSED BY COURT |
| GUILTY ☐ | |
| NOT GUILTY ☐ | |
| DISMISSED ☐ | |
| NOLLE PROSEQUI ☐ | |
| OTHER: _____ | |

| HIS FORM SUBMITTED BY: ORI D C001017A US ATTORNEY WASHINGTON, DC 20530 | PROBATION: SUPERVISED ☐ UNSUPERVISED ☐ |
|---|---|
| ENTENCE IMPOSED BY COURT | DATE OF FINAL DISPOSITION |
| PROBATION ☐ SUPERVISED ☐ UNSUPERVISED ☐ | |
| ADDITIONAL CHARGE | |



001071830002



GENE            HURBERT
1968
0451797
B
politan Police Dept

GENE            HURBERT
1968
0451797
B
politan Police Dept

ENE            HURBERT
66
0451797
B
politan Police Dept

*EXHibit F*

Filed
D.C. Superior Court
07 Dec 05 P06:23
Clerk of Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| ~~ ~~CT OF COLUMBIA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| ~~ ~~BEAN CULTURAL CENTER, LLC | )   2007 CA 003182 B |
| ~~ ~~IME" | ) |
| | ) |
| ~~ ~~ L. PHILOGENE | ) |
| ~~ ~~DENT, | ) |
| ~~ ~~BEAN CULTURAL CENTER, LLC. | ) |
| Defendants. | ) |

### STIPULATION OF DISMISSAL

Plaintiff District of Columbia, through counsel, pursuant to Rule 41(a) (1) of the

~~ ~~Court Rules of Civil Procedure hereby stipulate that this case be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

ROBERT HILDUM
Acting Deputy Attorney General,
Public Safety Division

/s/ Alicia D. Washington
ALICIA D. WASHINGTON #454303
Chief, Neighborhood and Victim Services Section

/s/ Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, JR. #335976
Assistant Attorney General
Suite 450-North
441 4th Street, N.W.
Washington, D.C. 20001
(202) 727-6338
Counsel for Plaintiff

/s/ J. Gordon Forester, Jr.
J. Gordon Forester, Jr
Bar. No. 4424
1914 Sunderland Place, N.W.
Washington D.C. 20036
202-293-3353
Counsel for Defendant Caribbean
Cultural Center

/s/ Ashley E. Wiggins
Ashley E. Wiggins
Bar. 481557
1912 Sunderland Place, N.W.
Washington, D.C. 20036
202-429-9000
Counsel for Defendant Philogene

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing dismissal was mailed by first class

postage this 5th day of December 2007 to:

J. Gordon Forester, Jr
1914 Sunderland Place, N.W.
Washington D.C. 20036
202-293-3354
Counsel for Defendant Caribbean
Cultural Center

Ashley E. Wiggins
1912 Sunderland Place, N.W.
Washington, D.C. 20036
202-429-9000
Counsel for Defendant Philogene

/s/Robert A. DeBerardinis, Jr
Robert A. DeBerardinis, Jr.
Assistant Attorney General

- 2 -

| DC HOME | DC GUIDE | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT | TO KIDS |

 **District of Columbia**



# Alcoholic Beverage Regulation Administration

**ABRA HOME**

**SERVICES**
Licenses
Licenses in Safekeeping
Permits

**INFORMATION**

**ONLINE SERVICE REQUESTS**

## Class License Definitions

- Manufacturer's License Class A
- Manufacturer's License Class B
- Wholesaler's License Class A
- Wholesaler's License Class B
- Retailer's License Class A
- Retailer's License Class B
- Retailer's License Class C

- Retailer's License Class D
- Retailer's License Class F
- Retailer's License Class G
- Club License
- ABC Manager's License
- ABC Solicitor's License
- Caterer's License

### Manufacturer's License Class A

The license authorizes the licensee to operate a rectifying plant, a distillery, or a winery in the District of Columbia. The licensee may sell the manufactured product to another DC license holder for resale of US territorial law for resale.

- A rectifying plant and distillery fee is $6,000.
- A winery fee is $1,500.
- A distillery producing more than 50% non-alcoholic beverage fee is $3,000.

### Manufacturer's License Class B

The license authorizes the licensee to operate a brewery in the District of Columbia. The licensee may sell the beer manufactured at the brewery to another DC license holder for resale, to a dealer licensed under the State or US territorial law for resale, or directly to a consumer. However, when sold to a consumer, the beer must be sold in barrels, kegs, or sealed bottles and, after sale may not be opened or consumed on the brewery premises. Fee is $5,000.

### Wholesaler's License Class A

The license authorizes the licensee to sell non-alcoholic and alcoholic beverages, beer, wines, and light wines to another DC license holder for resale or to a dealer licensed under State of US territorial law for resale. The licensee may sell only beer and wines directly to a consumer. All beverages shall be sold in barrels, kegs, sealed bottles, or other closed containers, and after sale, may not be opened or consumed on the Wholesaler's premises. No wholesaler in the category, unless also licensed as a Wholesale druggist or grocery, may engage in any other business on the licensed premises. Fee is $5,200.

### Wholesaler's License Class B

The license authorizes the licensee to sell only beer and wines to another DC license holder for resale, or directly to a consumer. All beer and wines shall be sold in barrels, kegs, sealed bottles, or other closed containers and, after sale, may not be opened or consumed on the Wholesaler's premises. Fee is $2,600.

### Retailer's License Class A

The license authorizes the licensee to sell and deliver alcoholic beverages, beer, wines, directly to consumers and licensed caterers only. Alcoholic beverages may not be sold to other licensees, except for licensed caterers, for resale. The beverages shall be sold or delivered in containers as was received by the licensee, and no beverages may be opened or consumed on the Retailer's premises. Fee is $2,800.

*Exhibit B*

# C of O

## CERTIFICATE OF OCCUPANCY

THIS PERMIT IS VALID ONLY FOR THE PREMISES OF THE PROJECT ADDRESS

**PERMIT NO.**
CO 144223

**DATE : 6/25/2007**

| ADDRESS :<br>1824  HALF  ST. SW | FLOORS:<br>1ST AND 2ND | PRCLID : **0664** (square) | **0000** | **0001** (lot) |
| | | WARD : **2** | ZONE : **M** | |

PERMISSION IS HEREBY GRANTED TO:

CORPORATION I : **CARIBBEAN CULTURAL CENTER**
ID No. : **L19539**

TRADING AS :
OWNER

APPROVED USES : OTHER - SEE DESCRIPTION

PREVIOUS USES :
**RESTAURANT**

| TYPE :<br>**USE CHANGE** | APPROVED SQ. FOOTAGE : | OCCUP. LOAD:<br>**400** | EXPIRATION DATE:<br>**NONE** |

DESCRIPTION OF USE:
**RESTAURANT/NIGHT CLUB 598 SEATS**

THIS CERTIFICATE SHALL BE POSTED CONSPICUOUSLY ON THE ABOVE PREMISES AT ALL TIMES. UNLESS OTHERWISE, an expiration date is stated, VALID ONLY for premise at the above address or part thereof, and for the occupancy indicated above, and IS VALID SUBJECT to applicable provisions in that ANY conditions, ANY CHANGE this type of business, ownership of business, etc. such if you are the above described premises, it shall require a new certificate from the added unit.

Interim
Directo
Linda K. Argo

PERMIT CLERK:
THINGOO MARSHAW

EXhibit C

**Ticket Number 0163254**

1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (At Time of Arrest)
   Philippe, Herbert Leslie
2. PHONE NO.    3. VENDOR NO. -
4. ADDRESS
5. SEX M   6. RACE B   7. BIRTH DATE 2/6/64   8. SOCIAL SECURITY NO.   9. BIRTHPLACE (CITY & STATE) Silver Spring MD
10. HEIGHT 5/10   11. WEIGHT 210   12. HAIR blk   13. EYES Bro   14. COMPLEXION Med   15. PERMIT HOST
16. LOCATION OF OFFENSE / OFFENSE OCCURRED   17. DISTRICT WHERE OFFENSE OCCURRED   18. DATE OF OFFENSE 5/12/07   18. TIME OF OFFENSE 2350

20. CHARGES
☐ FISHING VIOLATION
☐ VENDING VIOLATION
☐ UNTAXED CIGARETTES
☐ SELLING CIGARETTES WITHOUT LICENSE
☐ HEALTH CERTIFICATE (NONE/EXPIRED)
☐ IMPROPER REFRIGERATION OF FOOD
☐ SALE OF UNPREPACKAGED FOOD
☐ PLACARDS/SIGNS/POSTERS
☐ UNLEASHED DOG
☐ NOISE ACT VIOLATION
☐ RADAR DETECTOR
☐ OTHER

21. CCN 06Q-213   22. MPD DISPOSITION 06-12-07   23. COLLATERAL/BOND RECEIPT NO.

You are hereby directed to report, within 15 days, to the District in which the citation was issued to post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days from the date you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL, you MUST appear in person within 15 days at the District in which the citation was issued for that purpose. If you fail to do so, you will not need to post collateral in order to receive a TRIAL. Bring this citation with you.

☐ 1st District, 415 Van Street, S.W.
☐ 2nd District, 3320 Idaho Avenue, N.W.
☐ 3rd District, 1620 V Street, N.W.
☐ 4th District, 6001 Georgia Avenue, N.W.
☐ 5th District, 1805 Bladensburg Road, N.E.
☐ 6th District, 100 42nd Street, N.E.
☐ 7th District, 2455 Alabama Avenue, S.E.

---

**Ticket Number 0163252**

1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (At Time of Arrest)
   Philippe, Herbert Leslie
2. PHONE NO.    3. VENDOR NO. -
4. ADDRESS
5. SEX M   6. RACE B   7. BIRTH DATE 2/6/64   8. SOCIAL SECURITY NO.   9. BIRTHPLACE (CITY & STATE) Silver Spring MD
10. HEIGHT 5/10   11. WEIGHT 210   12. HAIR blk   13. EYES Bro   14. COMPLEXION Med   15. PERMIT HOST
16. LOCATION OF OFFENSE / OFFENSE OCCURRED   17. DISTRICT WHERE OFFENSE OCCURRED   18. DATE OF OFFENSE 5/12/07   18. TIME OF OFFENSE 335

20. CHARGES
☐ FISHING VIOLATION
☐ VENDING VIOLATION
☐ UNTAXED CIGARETTES
☐ SELLING CIGARETTES WITHOUT LICENSE
☐ HEALTH CERTIFICATE (NONE/EXPIRED)
☐ IMPROPER REFRIGERATION OF FOOD
☐ SALE OF UNPREPACKAGED FOOD
☐ PLACARDS/SIGNS/POSTERS
☐ UNLEASHED DOG
☐ NOISE ACT VIOLATION
☐ RADAR DETECTOR
☐ OTHER

21. CCN 06Q-213   22. MPD DISPOSITION 06-12-07   23. COLLATERAL/BOND RECEIPT NO.

You are hereby directed to report, within 15 days, to the District in which the citation was issued to post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days from the date you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL, you MUST appear in person within 15 days at the District in which the citation was issued for that purpose. If you fail to do so, you will not need to post collateral in order to receive a TRIAL. Bring this citation with you.

☐ 1st District, 415 Van Street, S.W.
☐ 2nd District, 3320 Idaho Avenue, N.W.
☐ 3rd District, 1620 V Street, N.W.
☐ 4th District, 6001 Georgia Avenue, N.W.
☐ 5th District, 1805 Bladensburg Road, N.E.
☐ 6th District, 100 42nd Street, N.E.
☐ 7th District, 2455 Alabama Avenue, S.E.

Government of the District of Columbia · Metropolitan Police Department · VIOLATION CITATION · PD 1001

**1. DEFENDANT'S NAME - LAST - FIRST - MIDDLE (At Time of Arrest)**

**2. PHONE NO.**                          **3. VENDOR NO.**

**4. ADDRESS**  1454    Newton    N.W.

| 5. SEX | 6. RACE | 7. BIRTH DATE | 8. SOCIAL SECURITY NO. | 9. BIRTHPLACE (CITY & STATE) |
|---|---|---|---|---|
| | B | 4/19/81 | 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 | Washington DC |

| 10. HEIGHT | 11. WEIGHT | 12. HAIR | 13. EYES | 14. COMPLEXION | 15. PERMIT NO/ST |
|---|---|---|---|---|---|
| 5 11 | 183 | | brn | Med | 577062772 |

| 16. LOCATION OF OFFENSE | 17. DISTRICT WHERE OFFENSE OCCURRED | 18. DATE OF OFFENSE | 19. TIME OF OFFENSE |
|---|---|---|---|
| 7th 4th S.W. | 1D | 2/15 | 2345 |

**20. CHARGES**

- ☐ FISHING VIOLATION
- ☒ VENDING VIOLATION
- ☐ UNTAXED CIGARETTES
- ☐ SELLING CIGARETTES WITHOUT LICENSE
- ☐ HEALTH CERTIFICATE (NONE/EXPIRED)
- ☐ IMPROPER REFRIGERATION OF FOOD
- ☐ SALE OF UNPREPACKAGED FOOD
- ☐ PLACARDS/SIGNS/POSTERS
- ☐ UNLEASHED DOG
- ☐ NOISE ACT VIOLATION
- ☐ RADAR DETECTOR
- ☒ OTHER _Operating_

FINE $ 1000.00

| 21. CCN | 22. MPD DISPOSITION | 23. COLLATERAL/BOND RECEIPT NO. |
|---|---|---|
| 065-937 | | |

You are hereby directed to report, within 15 days, to the district in which the citation was issued to post the required amount of collateral for the above-listed violation. Bring this citation with you.

Failure to post collateral within 15 days from the date you receive this citation will result in the case being presented to the D.C. Superior Court for disposition.

If you wish to request a TRIAL you MUST appear in person within 15 days at the district in which the citation was issued and an arraignment date will be scheduled for you. You do not need to post collateral in order to receive a TRIAL. Bring this citation with you.

| | | |
|---|---|---|
| ☒ | 1st District | 415 4th Street, S.W. |
| ☐ | 2nd District | 3320 Idaho Avenue, N.W. |
| ☐ | 3rd District | 1620 V Street, N.W. |
| ☐ | 4th District | 6001 Georgia Avenue, N.W. |
| ☐ | 5th District | 1805 Bladensburg Road, N.E. |
| ☐ | 6th District | 100 42nd Street, N.E. |
| ☐ | 7th District | 2455 Alabama Avenue, S.E. |

Ticket Number    0163256

Case 1:08-cv-01399-RWR     Document 1-2     Filed 08/12/2008     Page 54 of 100



### Retailer's License Class B

The license authorizes the licensee to sell only beer and wines directly to consumers only. No beer and resale. The beer and wines shall be sold in the same barrel, keg, sealed bottle, or other closed containe may not be opened or consumed on the Retailer's premises. Fee is $1,300.

### Retailer's License Class C

The license authorizes the licensee to keep for sale and to sell spirits, wines and beer directly to consur premises. All alcoholic beverages may be displayed and dispensed in full sight of the consumer. There follows:

- A **Class C Restaurant ("CR")** license will be issued only for bona fide restaurants. To apply for t adequate kitchen and dining facilities; shall have adequate employees; shall derive at least forty-receipts from the sale of food or have annual gross food sales of $2,000 per occupant; shall keep hours prior to closing and shall meet all other requirements in the Act. A Class C Restaurant may performances, and facilities for dancing by patrons. Fee ranges from $1,000 to $2,600.
- A **Class C Tavern ("CT")** license will be issued only for a tavern. A tavern is a place serving both offer entertainment, except nude performances, which may allow dancing for its patrons only, bu which shall meet all other requirements set out in the Act. The size of the dance floor in a tavern (140) square feet, except that the license of a Class C Retailer's License whose licensed premise regularly-used dance floor in excess of one hundred and forty (140) square feet and who is occu disqualified under this definition. Fee ranges from $1,300 to $3,120.
- A **Class C Nightclub ("CN")** license will be issued only for a nightclub, including hotel nightclubs alcoholic beverages and food, which may provide music and dancing facilities for patrons and en requirements set out in the Act. Only nightclubs approved for nude performances before 1994 m performers. Fee ranges from $1,950 to $5,850.
- A **Class C Hotel ("CH")** license will be issued only for a hotel. Hotels must offer sleeping accom room in the same building for its guests, and have adequate kitchen equipment and employees. of license, hotel dining rooms must derive at least forty-five percent (45%) of their gross annual r serve alcoholic beverages for consumption in dining rooms, lounges, banquet halls, and other si well as in the rooms of registered guests. However, any nightclub of a hotel's premises shall be i addition, hotels shall meet all other requirements set out in the Act. Fee ranges from $2,600 to $ε
- A **Class C Multipurpose ("CX")** license will be issued only for a legitimate theatre, the Washing carrying marine vessel serving food or a club car or dining cars on a railroad. Fee ranges from $* vessel or dockside waiting area is $1,950.

### Retailer's License Class D

The license authorizes the licensee to keep and sell wine and beer for consumption on the licensed pre sale or sold may be displayed and dispensed in full sight of the purchaser. There are five (5) types of C

- A **Class D Restaurant ("DR")** license will be issued only for bona fide restaurants. To qualify for adequate kitchen and dining facilities; shall have adequate employees; shall derive at least forty-receipts from the sale of food or have annual gross food sales of $1,500 per occupant; shall keep hours prior to closing and shall meet all other requirements in the Act. A Class D Restaurant ma performances and facilities for dancing by patrons. Fee ranges from $800 to $1,560.
- A **Class D Tavern ("DT")** license will be issued only for a tavern. A tavern is a place serving both offer entertainment, except nude performances, and allow dancing for its patrons only, but not its shall meet all other requirements set out in the Act. The size of the dance floor in a tavern may n square feet, except that the holder of a Class D Retailer's License whose licensed premises on £ used dance floor in excess of one hundred and forty (140) square feet and who is occupying the under this definition. Fee ranges from $1,000 to $1,950.
- A **Class D Nightclub ("DN")** license will be issued only for a nightclub, including hotel nightclub: alcoholic beverages and food, which may provide music and dancing facilities for patrons and requirements set out in the Act. Only nightclubs approved for nude performances before 1994 m performers. Fee ranges from $1,300 to $4,550.
- A **Class D Hotel ("DH")** license will be issued only for a hotel. Hotels must offer sleeping accom room in the same building for its guests, and have adequate kitchen equipment and employees. of license, hotel dining rooms must derive at least forty-five percent (45%) of their gross annual r serve alcoholic beverages for consumption in dining rooms, lounges, banquet halls, and other si well as in the rooms of registered guests. However, any nightclub of a hotel's premises shall be i addition, hotels must meet all other requirements set out in the Act. Fee ranges from $1,300 to $



- A Class D Multipurpose ("DX") license will be issued only for a legitimate theater, the Washington Convention Center, a passenger carrying marine vessel serving food or a club car or dining cars on a railroad. Fee ranges from $850 to $1,300 and for each additional vessel or dockside waiting area is $650.

......................................  ...

**Retailer's License Class F**

The license authorizes the licensee to temporarily sell wine and beer to be consumed on the premises described on the application for the license, so long as food is also served. The beer or wine will be served in open containers. Application for this license shall be on forms prescribed by the Board, and its issuance shall be solely in the discretion of the Board and shall be on such other terms and conditions as the Board and shall be on such other terms and conditions as the Board may require. Fee is $130 per day.

......................................  ..

**Retailer's License Class G**

The license authorizes the licensee to sell for consumption or to permit the consumption of spirits, wine, and beer for one (1) day only on the premises described in the application for the license, so long as food is also served. The beer or wine shall be served in open containers. Application for this license shall be on forms prescribed by the Board, and its issuance shall be solely in the discretion of the Board and shall be on such other terms and conditions as the Board and shall be on such other terms and conditions as the Board may require. Fee is $300 per day.

......................................  ..

**Club License**

The license permits the consumption of alcoholic beverages on those parts of the club's premises as the Board may approve. For the purpose of this license, a "club" is defined as a corporation that is organized for the promotion of a common purpose (but not for a commercial or business purpose), is a membership organization and owns or leases all or a portion of a building. A club must elect its governing body annually and none of the club's officers or employees may profit from the its operations, aside from compensation in the form of salary. The holder of this category of license may not sell alcoholic beverages to club members or their guests.

......................................  .....  . ..

**ABC Manager's License**

A manager's license authorizes the licensee to manage a licensed business. Each manager must hold a valid Manager's license.  The fees for a Manager's license can vary.  The basic one year fee is $130, however, renewals will now be based on the licensee's birthdate, and as such can vary during this transition period.  Please do not complete the amount of payment until you are advised of the amount.

......................................  ..

**ABC Solicitor's License**

The license authorizes the licensee to sell any alcoholic beverage on behalf of a vendor whose name appears upon the license and whom the solicitor represents. If a solicitor represents more than one (1) vendor, a separate license is issued for each vendor whom the solicitor represents. Fee is $325.

......................................  ....  .

**Caterer's License**

Authorizes a licensee to sell and serve alcohol at catered events as part of the licensee's processing, preparation and service of food products, and where the sales and service of alcoholic beverages is incidental to the food preparation and service provided by the caterer.  The fee can range from $300 to $5,000 depending on the gross annual receipts of the catering business.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by Topic  |  Agencies  |  DC
Council  |  Search  |  Elected Officials
Feedback  |  Translations  |  Accessibility  |
Privacy & Security  |  Terms & Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION
### Washington, D.C. 20001

_District of Columbia_
_____
Plaintiff



vs.                                    Civil Action No. 3182-07

_Caribbean Cultural Center_
_Hubert Philogens_   and
_____
Defendant

FILED
MAY 1 7 2007
THE OFFICE OF
JUDGE IN CHAMBERS

### ORDER

Upon consideration of the motion _for temporary restraining order_
filed by _government against alleged unlicensed public hall_
and after hearing argument on behalf of all parties concerned, it is, by the Court, this _17th_

day of _____May_____, 20_07_,

ORDERED:

(1) That the motion be, and it is hereby,    ☐ GRANTED    ☒ DENIED

(2) That _too many relevant factual dispute [about_ _without prejudice_
_prior citations and fines and apparent conflicts_
_between DC's on-line information and statutes and_
_between ABC license (CN) and restaurant business_
_license] exist to permit fair resolution of motion._
_(3) Parties to attempt settlement and if none to apply for_
_resolution through Prel. Injunction hearing with_ _more_
Copies to: _complete fact._

_parties_                              _Mary Ellen Abrecht_
                                        JUDGE

Form CV-545/Apr. 03

Filed
D.C. Superior Court
07 Jul 17 P04:07
Clerk of Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

DISTRICT OF COLUMBIA,        )
       Plaintiff,         )
                     )
     v.              )
                     )
CARIBBEAN CULTURAL CENTER, LLC  )
D/B/A "LIME"          )    2007 CA 003182 (B)
                     )    Judge Melvin R. Wright
                     )    Next Event: Init. Scheduling
HUBERT L. PHILOGENE, PRESIDENT,  )    Conference – 08/10/07 @ 9:30
CARIBBEAN CULTURAL CENTER, LLC.  )
       Defendants.       )

## <u>ORDER</u>

Upon consideration of defendants' Motion to Dismiss the complaint and the

opposition of the plaintiff, it is this 17th day of July 2007,

ORDERED, that defendants' motion is hereby DENIED.

*Melvin R. Wright*

_____

Melvin R. Wright, Associate Judge

Copies:

J. Gordon Forester, Jr.
1914 Sunderland Place, N.W.
Washington, D.C. 20036

Ashley E. Wiggins
1912 Sunderland Place, N.W.
Washington, D.C. 20036

Robert A. DeBerardinis Jr.
Assistant Attorney General
441 4th Street, N.W.
Suite 450 North
Washington, D.C. 20001



GOVERNMENT OF THE DISTRICT OF COLUMBIA

*Exhibit H*

# ABC APPLICATION

FOR OFFICIAL USE ONLY

| APPLICATION NUMBER: 60969 | LICENSE NUMBER: 72458 | CONTROL NUMBER: |
|---|---|---|

☑ New  ☐ Transfer New Location  ☐ Transfer with/sale  ☐ Transfer without/sale  ☐ Stock Transfer

| Date Accepted: 4/4/2005 | Date Issued: | Hearing Date: |
|---|---|---|
| Fees Paid: $ 2350   From 4/4/2005 To 9/30/2005 | | Accepted By: Meg |
| License Period:   From 4/4/2005 To 9/30/200 | | Ward/ANC: |
| Premise: 1st and 2nd floor | Storage: 1st and 2nd floors | |
| Board Approval Date: | Board Member's Initials: → W QW BA | |

**TO BE COMPLETED BY APPLICANT**

**1. Type of License:**  ☐ Manufacturer  ☐ Wholesaler  ☑ Retailer

**Class of License:**

☐ A ___ Tasting Permit

☐ B

☐ C ✓ Restaurant  ___ Tavern  ✓ Nightclub  ___ Hotel  ___ Club  ___ Multi Purpose Facility  ___ Common Carrier
   Number of Seating: 598   Number of Rooms: _____

☐ D ___ Restaurant  ___ Tavern  ___ Nightclub  ___ Hotel  ___ Club  ___ Multi Purpose Facility  ___ Common Carrier
   Number of Seating: _____   Number of Rooms: _____

☐ Additional Request  ___ Summer Garden  ___ Sidewalk Café  ___ 404.2  ___ 405.1  ___ Brew Pub

**2. Name of Applicant:** Caribbean Cultural Center LLC

**3. Trade Name:** Lime

**4. Type of Applicant:**  ☐ Sole Proprietor  ☐ Corporation  ☐ Partnership  ☑ LLC  ☐ Other (PLLC, PA, PC)
List Sole Proprietor, Partners, General Partner(s), Managing Member(s), Corporate Officer(s) or Director(s)

| Name | Address | Title |
|---|---|---|
| Hubert Philogene | 1120 Tanley Rd Silver Spring MD 20904 | Manager |
| | | |
| | | |
| | | |

# Alcoholic Beverage Regulation Administration

## Entertainment Endorsement Fact Sheet



Maria Delaney, Director

Alcoholic Beverage Control Board
Charles A. Burger, Chair
Vera M. Abbott
Peter B. Feather
Eartha Isaac
Albert G. Lauber
Judy A. Moy
Audrey E. Thompson

D.C. Law 15-187, the "Omnibus Alcoholic Beverage Amendment Act of 2004", created the entertainment endorsement to streamline the licensing process and make clear the Alcoholic Beverage Control Board's explicit approval of various aspects of a licensee's format. The following are selected highlights from the D.C. Official Code and the D.C. Municipal Regulations pertaining to the requirements of an entertainment endorsement:

- "Entertainment" is defined as live music or any other live performance by an actual person, including live bands, karaoke, comedy shows, poetry readings, and disc jockeys. The term "entertainment" does not include the operation of a jukebox, television, radio, or other prerecorded music, or nude performances. (D.C. Code § 25-101(21A))

- "Cover charge" is defined as a fee required by an establishment to be paid by patrons for admission that is not directly applied to the purchase of food or drink. (23 DCMR § 1002.1)

- Class C or D Restaurant or Hotel licensees <u>must</u> apply for and hold an entertainment endorsement to have entertainment, dancing, or charge a cover. (23 DCMR § 1000.1)

- Class C or D Tavern licensees <u>must</u> apply for and hold an entertainment endorsement to have entertainment, charge a cover, or have a dance area larger than 140 square feet. A tavern with a dance area less than or equal to 140 square feet <u>does not</u> need to apply for and hold an entertainment endorsement. (23 DCMR § 1000)

- *Please be advised that an entertainment endorsement will not permit you to provide any format of entertainment that has been prohibited by ABC Board Order or voluntary agreement.*

- Class C or D Nightclub licensees <u>do not</u> need to apply for and hold an entertainment endorsement to have entertainment, dancing, or charge a cover. (23 DCMR § 1000.3)

- The entertainment endorsement will be placed on the establishment's ABC license and will indicate the establishment's hours of operation and which type(s) of



DC ST § 25-203

§ 25-203. Transfer of functions of Alcoholic Beverage Control Division of the Department of Consumer and Regulatory Affairs.

DC ST § 25-203

District of Columbia Official Code 2001 Edition
 Division V. Local Business Affairs

  Title 25. Alcoholic Beverage Regulation (Refs & Annos)

   Chapter 2. Alcoholic Beverage Regulation Administration.

### § 25-203. Transfer of functions of Alcoholic Beverage Control Division of the Department of Consumer and Regulatory Affairs.

All positions, property, records, and unexpended balances of appropriations, allocations, assessments, and other funds available or to be made available to the Alcoholic Beverage Control Division of the Department of Consumer and Regulatory Affairs relating to the duties and functions assigned herein are transferred to ABRA.

CREDIT(S)

(May 3, 2001, D.C. Law 13-298, § 101, 48 DCR 2959.)

HISTORICAL AND STATUTORY NOTES

D.C. Law 13-298 amended and enacted into law Title 25 of the District of Columbia Official Code.

Legislative History of Laws

For D.C. Law 13-298, see notes following § 25-101.

DC CODE § 25-203

Current through June 4, 2008

Copyright © 2008 By The District of Columbia. All Rights Reserved.
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

This site is provided by West.



DC ST § 25-202
§ 25-202. Establishment of the Alcoholic Beverage Regulation Administration.

DC ST § 25-202

District of Columbia Official Code 2001 Edition
 Division V. Local Business Affairs

 Title 25. Alcoholic Beverage Regulation (Refs & Annos)

  Chapter 2. Alcoholic Beverage Regulation Administration.

### § 25-202. Establishment of the Alcoholic Beverage Regulation Administration.

There is established an Alcoholic Beverage Regulation Administration ("ABRA") as an independent agency of the District to provide professional, technical, and administrative staff assistance to the Board in the performance of its functions. ABRA shall carry out its functions under the supervision of the Board.

CREDIT(S)

(May 3, 2001, D.C. Law 13-298, § 101, 48 DCR 2959.)

HISTORICAL AND STATUTORY NOTES

D.C. Law 13-298 amended and enacted into law Title 25 of the District of Columbia Official Code.

Legislative History of Laws

For D.C. Law 13-298, see notes following § 25-101.

DC CODE § 25-202

Current through June 4, 2008

Copyright © 2008 By The District of Columbia. All Rights Reserved.
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

This site is provided by West.



DC ST § 25-830
§ 25-830. Civil penalties.

DC ST § 25-830

District of Columbia Official Code 2001 Edition
 Division V. Local Business Affairs

  Title 25. Alcoholic Beverage Regulation (Refs & Annos)

   Chapter 8. Enforcement, Infractions, and Penalties.

    Subchapter II. Revocation, Suspension, and Civil Penalties.

### § 25-830. Civil penalties.

(a) Within 90 days after May 3, 2001, the Board shall submit proposed regulations setting forth a schedule of civil penalties ("schedule") for violations of this title to the Council for a 60-day period of review, including Saturdays, Sundays, holidays, and periods of Council recess. If the Council does not approve, in whole or in part, the proposed regulations by resolution with the 60-day review period, the regulations shall be deem disapproved. The schedule shall replace all civil penalties, except as expressly provided in this title.

(b) The schedule shall be prepared in accordance with the following provisions:

 (1) The schedule shall contain 2 tiers that reflect the severity of the violation for which the penalty is imposed:

  (A) The primary tier shall apply to more severe violations, including service to minors or violation of hours of sale or service of alcoholic beverages.

  (B) The secondary tier shall apply to less severe violations, including the failure to post required signs.

 (2) A subsequent violation in the same tier, whether a violation of the same provision or different one, shall be treated as a repeat violation for the purposes of imposing an increased penalty; provided, that all secondary tier infractions cited by ABRA investigators or Metropolitan Police Department Officers, during a single investigation or inspection on a single day, shall be deemed to be one secondary tier violation for the purposes of determining repeat violations under this section.

(c)(1) For primary tier violations, the penalties shall be no less than the following:

 (A) For the first violation, no less than $1,000;

 (B) For the second violation within 2 years, no less than $2,000; and

 (C) For the third violation within 3 years, no less than $4,000;

(2) A licensee who has been found in violation of no more than 3 secondary tier violations and who is subsequently found in violation of a primary tier violation shall be penalized according to a first

primary tier violation.

(3) A licensee found in violation of a primary tier offense for the fourth time within 4 years shall have the license revoked.

(d)(1) For secondary tier violations, the penalties shall be no less than the following:

(A) For the first violation, no less than $250.

(B) For the second violation within 2 years, no less than $500.

(C) For the third violation within 3 years, no less than $750.

(2) A licensee found in violation of a secondary tier violation for the fourth time within 4 years shall be penalized according to a first primary tier violation. Every subsequent secondary tier offense within 5 years of the first violation shall be fined according to the schedule for primary tier violations.

(e) The Board may specify violations for which a licensee may be given a warning before the issuance of a citation for a first violation.

(f) The Board or the Council may amend the schedule. An amendment by the Board shall be submitted to the Council for its approval in accordance with subsection (a) of this section.

(g) The schedule and any amendments to the schedule shall be published in the District of Columbia Register and promulgated by the procedure adopted under § 25-211(e).

(h) Penalties or fines assessed under this chapter shall be credited to the General Fund of the District of Columbia.

CREDIT(S)

(May 3, 2001, D.C. Law 13-298, § 101, 48 DCR 2959.)

HISTORICAL AND STATUTORY NOTES

D.C. Law 13-298 amended and enacted into law Title 25 of the District of Columbia Official Code.

Legislative History of Laws

For D.C. Law 13-298, see notes following § 25-101.

Resolutions

Resolution 15-340, the "Alcoholic Beverage Regulation Civil Penalty Schedule Regulations Approval Resolution of 2003", was approved effective December 2, 2003.

DC CODE § 25-830

Current through June 4, 2008

Copyright © 2008 By The District of Columbia. All Rights Reserved.
END OF DOCUMENT



DC ST § 25-801

Authority of the Board to enforce this title; enforcement responsibilities of ABRA Investigators and Metropolitan Police Department.

...olumbia Official Code 2001 Edition

...Local Business Affairs

...coholic Beverage Regulation (Refs & Annos)

...1. Enforcement, Infractions, and Penalties.

...1. Enforcement.

**...801. Authority of the Board to enforce this title; enforcement responsibilities ...RA Investigators and Metropolitan Police Department.**

...all have the authority to enforce the provisions of this title with respect to licensees and with ...erson not holding a license and selling alcohol in violation of the provisions of this title.

...ssection (c) of this section, ABRA investigators and the Metropolitan Police Department shall ...civil violations of this title that are set forth in the schedule of civil penalties established

...any violation for which the penalty includes the suspension of a license shall be issued under ...rity of the Board as a result of an investigation carried out by ABRA investigators.

...for misdemeanors under this title shall be prosecuted and initiated by information filed in ...of the District of Columbia by the Corporation Counsel. Prosecutions for felonies under this ...secuted by the United States Attorney for the District of Columbia.

...committed by an unlicensed person selling alcohol in violation of the provisions of this title shall ...the Board to the Corporation Counsel for prosecution.

...stigators may request and check the identification of a patron inside of or attempting to enter ...with an alcohol license. ABRA investigators may seize evidence that substantiates a ...this title, which shall include seizing alcoholic beverages sold to minors and fake identification ...ed by minors.

...001, D.C. Law 13-298, § 101, 48 DCR 2959; Sept. 30, 2004, D.C. Law 15-187, § 101(dd), 51 DCR

...AL AND STATUTORY NOTES

　　　　　　　　　　　　　　District of Columbia Municipal Regulations

(b)　　The fee for the second year shall be paid no later than one (1) year from the date of issuance of the license; however, a licensee may pay the second year fee at the time the first year fee is paid. The payment of the second year license fee shall not require the filing of a clean hands certificate by the applicant.

208.2　　The Board may impose a late fee upon a licensee for failure to timely remit the second-year fee or the renewal fee, in the amount of fifty dollars ($50) for each day after the due date of payment. The total amount of the late fee to be paid to ABRA, however, shall not exceed the annual cost of the license. The Board may suspend a license until the licensee pays the second-year fee and any additional fee imposed by the Board for late payment. A licensee who has not renewed timely shall not be permitted to sell or serve alcoholic beverages with an expired license.

208.3　　The Board may suspend a license, permit, or endorsement where payment was made by the applicant to ABRA with a check returned unpaid. The applicant, in addition to any late fees imposed by the Board pursuant to § 208.2, shall also be charged by ABRA with a one hundred dollar ($100) returned check fee.

208.4　　The annual fees for a Manufacturer's license Class A shall be as follows:

| | | |
|---|---|---|
| (a) | Rectifying Plant | $6,000; |
| (b) | Distillery | $6,000; |
| (c) | Distillery selling more than fifty percent (50%) of alcohol for non-beverage purposes and | $3,000; |
| (d) | Winery | $1,500. |

208.5　　The annual fee for a Manufacturer's license Class B (brewery) shall be five thousand dollars ($5,000).

208.6　　The annual fee for a Wholesaler's license Class A shall be five thousand two hundred dollars ($5,200).

208.7　　The annual fee for a Wholesaler's license Class B shall be two thousand six hundred dollars ($2,600).

208.8　　The annual fee for a Retailer's license Class A shall be two thousand six hundred dollars ($2,600).

District of Columbia Municipal Regulations

The annual fee for a Retailer's license Class B shall be one thousand three hundred dollars ($1,300).

The annual license fees for all Class C licenses, except the Washington Convention Center and the DC Arena, shall be based on the certificate of occupancy for the establishment and are as follows:

| Class | Capacity | Fee |
|---|---|---|
| restaurant | 99 or fewer | $1,000 |
| restaurant | 100 to 199 | $1,300 |
| restaurant | 200 to 499 | $1,950 |
| restaurant | 500 or more | $2,600 |
| tavern | 99 or fewer | $1,300 |
| tavern | 100 to 199 | $2,080 |
| tavern | 200 or more | $3,120 |
| nightclub | 99 or fewer | $1,950 |
| nightclub | 100 to 199 | $2,600 |
| nightclub | 200 to 499 | $3,250 |
| nightclub | ~~500 to 999~~ | ~~$4,350~~ |
| nightclub | 1,000 or more | $5,850 |
| hotel | 99 or fewer guest rooms | $2,600 |
| hotel | 100 or more guest rooms | $5,200 |
| club | | $1,950 |
| multipurpose facility | | $1,950 |
| marine vessel, single vessel | | $1,950 |
| marine vessel line, for 3 or fewer vessels and dockside waiting areas | | $3,250 |
| for each additional vessel or dockside waiting area | | $1,950 |
| railroad dining or club car, single car | | $650 |
| railroad company, all dining or club cars | | $1,950 |

208.11      The annual license fees for all Class D licenses, except the Washington Convention Center and the DC Arena, shall be based on the certificate of occupancy for the establishment and shall be as follows:

(e)     That the zoning of the premises to be licensed will allow the issuance of the license; and

(f)     That the applicant shall not engage in the sale or service of alcoholic beverages until a certificate of occupancy and all other business licenses have been issued for the business.

An application for a license under § 405.1 shall be made on forms prescribed by the Board and shall include the following information:

(a)     The street address of the establishment to be licensed or, in the case of new construction, the lot and square numbers of the ground upon which the establishment will be located; and

(b)     The date on which the applicant plans to open the establishment.

A license approved by the Board under § 405.1 shall not be issued until the premises have been finally inspected by the Board or its staff, or until the applicant provides to the Board the following:

(a)     A certificate of occupancy for the licensed premises;

(b)     Copies of all necessary business licenses for the premises;

(c)     Copies of all tax registration documents for the business; and

(d)     Copies of an executed lease or deed for the licensed premises, provided, however, that the business terms of the lease including the rent may be redacted by the applicant.

Applicants for licensure under § 405.1 shall pay the appropriate license fee, as set forth in § 208 of this title, and approval by the Board shall remain effective until the end of the appropriate licensure period set out in § 207 of this title. If the applicant has not opened his or her business by the time the licensure period ends, the Board may, in its discretion, extend its approval through such further period as it deems proper upon payment by the applicant of all or any portion of the license renewal fee.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4345-4346 (April 30, 2004).

# CHAPTER 7    GENERAL OPERATING REQUIREMENTS

Instructions to Licensees
Posting of Legal Drinking Age and Identification Requirement
Use of Class CX and DX Clubs by Non-Members
Temporary Operating Retail Permit
Surrender of License
Hours of Sale and Delivery for Off-Premises Retail Licensees
Locking of Beverages During Non-Sale Hours
Manager's License
Disposal of Remaining Alcoholic Beverages
Notice of Employee's Criminal Conviction
Minimum Charge
Permits for Sampling Alcoholic Beverages
Pub Crawls
Street Festivals
Outdoor Events on Public Space
Outdoor Events on Private Space
One Day Substantial Changes
Corking Fee

## INSTRUCTIONS TO LICENSEES

The Board shall develop and furnish to licensees, at the time of issuance of a license, written information describing the laws and rules applicable to the licensee's day-to-day operations.

Applications shall also be made available on the ABRA website. To the extent possible, applications shall be posted on the ABRA website in various languages for informational purposes. Applications submitted to the Board must be filled out in English.

**AUTHORITY:** Unless otherwise noted, the authority for this chapter is section 101 of D.C. Law 13-298, the "Title 25, D.C. Code Enactment and Related Amendments Act of 2001," codified at D.C. Official Code § 25-211 (2001), and Mayor's Order 2001-96, dated June 28, 2001 and Mayor's Order 2001-102 dated July 23, 2001.

**SOURCE:** Final Rulemaking published at 51 DCR 4309, 4349-4350 (April 30, 2004).

**EDITOR'S NOTE:** Pursuant to Mayor's Order 2001-96, dated June 28, 2001, "[t]he Alcoholic Beverage Control Administration [was] delegated the authority vested in the Mayor under D.C. Code § 25-211 of the ABC Act to promulgate rules to implement the provisions of the ABC Act."

SOURCE: Final Rulemaking published at 51 DCR 4309, 4354 (April 30, 2004).

## NOTICE OF EMPLOYEE'S CRIMINAL CONVICTION

Each licensee shall immediately notify the Board in writing if the licensee discovers that any employee who sells, gives, furnishes, or distributes any alcoholic beverage has at any time prior to or during his or her employment been arrested or convicted for other than minor traffic violations. For purposes of this section, "immediately" shall mean notifying the Board within seven (7) days of discovering the criminal conviction.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4354 (April 30, 2004).

## MINIMUM CHARGE

As used in this section, the phrase "minimum charge" means a price or fee imposed by a licensee on a patron or individual for food and/or beverages, either at the point of entrance to an establishment or at the point of service of food and/or beverages within the establishment.

The minimum charge must be equal in value to the price the patron would pay for the food and or beverage(s) inside.

A minimum charge shall not be considered a cover charge and may be charged by an establishment without Board approval or an entertainment endorsement unless restricted by Board order or voluntary agreement.

Any holder of a Retailer's license Class C or D, who makes a permitted minimum charge for either food or a beverage, shall, during the hours when the minimum charge is made, keep posted in a conspicuous place at each public entrance to the room or place where the minimum charge is made a sign stating that a minimum charge is made, the amount of the minimum charge, and whether the minimum charge shall be applied to food and/or beverage(s).

The sign required by § 710.4 shall be not less than one square foot in area with lettering not less than one inch (1 in.) in height, and the letters shall be easily legible.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4354 (April 30, 2004).

## WARNINGS

An ABRA investigator or MPD Officer is not precluded from issuing a warning before the issuance of a citation for a first violation as permitted by § 800 of this title.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4362 (April 30, 2004).

## CITATION APPEALS

A licensee may challenge the issuance of a citation issued by an ABRA Investigator or MPD Officer by requesting in writing a show cause hearing before the Board. The written request for a show cause hearing must be received by ABRA within thirty (30) days from the date that the citation was issued to the establishment.

| | | | |
|---|---|---|---|
| 25-761 | Structural requirements | Secondary | Y |
| 25-762 | Substantial change approvals | Secondary | Y |
| 25-762(b)(1) | - increase occupancy or the use of interior space | Primary | N |
| 25-762(b)(2) | - expand exterior public or private space including summer gardens or sidewalk cafes | Primary | N |
| 25-762(b)(3) | - expand to another floor, roof, deck | Secondary | Y |
| 25-762(b)(4) | - Provide for or expand entertainment area | Secondary | Y |
| 25-762(b)(5) | - Diminish or expand dining or food prep area | Secondary | Y |
| 25-762(b)(6) | - Provide permanent space for dancing | Secondary | Y |
| 25-762(b)(7) | - Change exterior design | Secondary | Y |
| 25-762(b)(8) | - Provide music or entertainment if none previously. | Secondary | Y |
| 25-762(b)(9) | - Change from recorded to live music or live entertainment or change the kind of music or entertainment provided | Primary | N |
| 25-762 (b)(10) | - Change entertainment to include nude performance | Secondary | Y |
| 25-762(b)(11) | - Change from full-menu to snack menu | Secondary | Y |
| 25-762(b)(12) | - Change on premises to carry-out, add carry out | Primary | Y |
| 25-762(b)(13) | - Extend hours of operation | Secondary | Y |
| 25-762(b)(14) | - Provide new mechanical/electronic entertainment | Secondary | Y |
| 25-762(b)(15) | - Change trade name/corp name w/ ownership change | Secondary | Y |
| 25-762(b)(16) | - Change booth size | Secondary | Y |
| 25-762(b)(17) | - Reduce number of toilet facilities | Primary | N |
| 25-762(b)(18) | - Increase number of vessels under on-premises | Secondary | Y |
| 25-763 | Signage | Secondary | Y |
| 25-764 | Advertisements | Secondary | Y |
| 25-765 | Advertisements on windows and doors | Secondary | Y |
| 25-766 | Prohibited statements | Secondary | Y |
| 25-771 | Reporting | Primary | N |
| 25-772 | Unlawful importation | Primary | N |
| 25-781 | Sale to minors | Primary | Y |
| 25-782(a) | Class A allow under 18 to enter between 8am-3pm | Secondary | Y |
| 25-782(d) | Deny admittance to someone of legal drinking age | Primary | N |
| 25-783(a) | Sale to someone who fails to produce a valid ID | Primary | N |
| 25-783(b) | Take reasonable steps to ascertain of legal age | Secondary | Y |
| 25-784(a) | Prohibit any person under 21 from sell, give, furnish or distribute, except as provided in 784b | Secondary | Y |
| 25-784(b) | 18-20 may sell, serve or deliver, but not bartend | Primary | N |
| 23 DCMR | Knowingly false or misleading affidavit | | |

**District of Columbia Municipal Regulations**

# CHAPTER 8   ENFORCEMENT, INFRACTIONS, AND PENALTIES

Section
800        ABRA Civil Penalty Schedule
801        Primary Tier Violations
802        Secondary Tier Violations
803        Citations for Primary Tier Violations
804        Citations for Secondary Tier Violations
805        Warnings
806        Citation Appeals

## 800        ABRA CIVIL PENALTY SCHEDULE

| Section | Description | Violation | Warning |
|---------|-------------|-----------|---------|
| 25-112(e) | Failure to file a statement of expenditures | Secondary | Y |
| 25-113(b) | Failure to file a quarterly report | Secondary | Y |
| 25-405 | Transfer of Ownership without Board approval | Primary | N |
| 25-701 | No ABC Manager on duty | Secondary | Y |
| 25-702 | Owner knows, does not report employee's criminal conviction | Primary | Y |
| 25-711 | Posting and carrying of licenses | Secondary | Y |
| 25-712 | Signs: Warning re: pregnancy | Secondary | Y |
| 25-713 | Signs: legal drinking age/valid ID | Secondary | Y |
| 25-721 | Hours of Sale & Delivery- manufacturer & wholesaler | Primary | N |
| 25-722 | Hours of Sale & Delivery – off premises | Primary | N |
| 25-723 | Hours of Sale & Delivery – on-premises | Primary | N |
| 25-724 | Restriction of hours of operation | Primary | N |
| 25-725 | Noise | Secondary | Y |
| 25-726 | Control of litter, trash, garbage, and proper disposal of refuse, including cooking oils | Secondary | Y |
| 25-731 | Credit and delinquency | Secondary | Y |
| 25-732 | Payment plan for extenuating circumstances | Secondary | Y |
| 25-733 | Delivery and payment records and reports | Secondary | Y |
| 25-734 | Sale by retailer on credit | Primary | Y |
| 25-735 | Gifts and loans from manufacturer | Primary | Y |
| 25-736 | Gifts and loans from wholesaler | Primary | Y |
| 25-741(a) | A & B licensees provide go-cups | Secondary | Y |
| 25-741(b) | Back-up drinks | Secondary | Y |
| 25-742 | Solicitation of drinks by employee | Secondary | Y |
| 25-743 | Tie-in purchases | Primary | Y |
| 25-751 | Limitations on Container Size | Secondary | Y |
| 25-752 | Containers to be labeled | Secondary | Y |
| 25-753 | Keg Registration | Primary | N |
| 25-754 | Restrictions on storage of beverages | Primary | Y |

| 19 | submission | | |
|----|-----------|---------|---|
| DCMR | Participation in a pub crawl without Board approval or in a manner other than as approved by the Board | Primary | N |
| DCMR | The selling, delivering, or serving of alcoholic beverages at a catered event where snack items are the only food products served by the Caterer | Primary | N |
| DCMR | Failure to maintain or keep records or invoices | Primary | N |

**AUTHORITY:** Unless otherwise noted, the authority for this chapter is section 101 of D.C. Law 13-298, the "Title 25, D.C. Code Enactment and Related Amendments Act of 2001," codified at D.C. Official Code § 25-211 (2001), and Mayor's Order 2001-96, dated June 28, 2001 and Mayor's Order 2001-102. dated July 23, 2001.

**SOURCE:** Final Rulemaking published at 51 DCR 4309, 4359-4361 (April 30, 2004).

**EDITOR'S NOTE:** Pursuant to Mayor's Order 2001-96, dated June 28, 2001, "[t]he Alcoholic Beverage Control Administration [was] delegated the authority vested in the Mayor under D.C. Code § 25-211 of the ABC Act to promulgate rules to implement the provisions of the ABC Act."

## PRIMARY TIER VIOLATIONS

The Board may fine a licensee for a primary tier violation at a show cause hearing scheduled pursuant to the notice requirements set forth in § 1604 as follows:

    (A)    For the first primary tier violation, the fine shall be $1000-$2000.

    (B)    For the second primary tier violation within 2 years, the fine shall be $2,000-$4,000.

    (C)    For the third primary tier violation in three years, the fine shall be $4,000-$6,000.

    (D)    For the fourth primary tier violation in four years, the ABC license shall be revoked.

**SOURCE:** Final Rulemaking published at 51 DCR 4309, 4361 (April 30, 2004).

## 802    SECONDARY TIER VIOLATIONS

802.1    The Board may fine a licensee for a secondary tier violation at a show cause hearing scheduled pursuant to the notice requirements set forth in § 1604 as follows:

    (A)    For the first secondary tier violation, $250-$500.

    (B)    For the second secondary tier violation within two years, $500-$750.

(C)    For the third secondary tier violation within three years, $750-$1,000.

(D)    A licensee found in violation of a secondary tier violation for the fourth time within 4 years shall be penalized according to a first primary tier violation ($1,000-2,000). Every subsequent secondary tier offense within 5 years of the first violation shall be fined according to the schedule for primary tier violations.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4361 (April 30, 2004).

## CITATIONS FOR PRIMARY TIER VIOLATIONS

ABRA investigators or Metropolitan Police Department Officers ("MPD Officer") shall issue citations, pursuant to D.C. Official Code § 25-801(b), for primary tier violations as follows:

(A)    For the first primary tier violation, the fine shall be $1000.

(B)    For the second primary tier violation within 2 years, the fine shall be $2,000.

(C)    For the third primary tier violation in three years, the fine shall be $4,000.

(D)    For the fourth primary tier violation in four years, the violation shall be referred to the Board for a show cause hearing pursuant to § 1604.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4361 (April 30, 2004).

## CITATIONS FOR SECONDARY TIER VIOLATIONS

ABRA investigators or MPD Officers shall issue citations, pursuant to D.C. Official Code § 25-801(b), for secondary tier violations as follows:

(A)    For the first secondary tier violation, the fine shall be $250.

(B)    For the second secondary tier violation within two years, the fine shall be $500.

(C)    For the third secondary tier violation within three years, the fine shall be $750.

(D)    For the fourth secondary tier violation within four years, the fine shall be $1,000. Every subsequent secondary tier offense within five years of the first shall be fined according to the schedule for primary tier violation citations set forth in § 803 of this title.

SOURCE: Final Rulemaking published at 51 DCR 4309, 4361-4362 (April 30, 2004).

Exhibit H

## THE DISTRICT OF COLUMBIA
## ALCOHOLIC BEVERAGE CONTROL BOARD

|  |  |
|---|---|
| ... ...of: | ) |
| | ) |
| ...umbia | ) |
| | ) License Class "CN-04". |
| | ) License No. 72458 |
| | ) |
| ...al Center, LLC | ) |
| | ) |
| | ) |

### ... TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY

... NOW your respondent, Hubert Philogene, member and manager of Caribbean

... LC, (the "Licensee"), through counsel, and moves the Alcoholic Beverage

...oard") to dismiss, or in the alternative, stay Charges I, II, and III[1] of the show

... ...ed by the Board for the reasons set forth below.

### SUMMARY

... ...and does not have jurisdiction to consider the validity of and/or the provisions of

... agreement executed on February 24, 2007. Additionally, until such time as a

... ...ent jurisdiction determines that the Operating Agreement is valid and the alleged

... ...ership interests claimed to be set forth therein are valid an enforceable, Charge's

... against the respondents should not be considered by the Board.

... ...and has charged the respondents, *inter alia,* with:

Charge I:    Change in ownership interest of the Licensee by 50% or more

without seeking prior Board approval in violation of D.C. Code

---

... show cause notice also includes two other charges, IV and V. This Motion does not
... ...se charges.

§25-405 (2001);

**Charge II:**   Failure to adhere to the filing requirements set out in D.C. Code

§25-405 (2001), in violation of DCMR Title 23 §601.8; and

**Charge III:**   Failure to timely submit documentation to the Board reflecting a

change of more than 25% of controlling interest of the License.

... these three charges (collectively referred to as "Charges") are based upon the

...ement, a contract between the parties, and the alleged transfers of membership

... censee pursuant to its terms. These Charges hinge on the validity of the

...ement and the membership interest allegedly transferred through it provisions[2].

... Philogene's position is that the Operating Agreement and the alleged transfers are

... a court of competent jurisdiction must make such a determination before this

... der and make any finding as to whether the Charges have occurred[3].  If the

...ent and transfers are determined by the court not to be valid and/or

... then these charges must fail and be dismissed.  Therefore, these Charges should be

... the alternative, stayed until such time as a court makes such a determination.

... uges were brought by the Board as a result of a July 27, 2006 letter ("Request")

---

... ...fication A to Charge I which is incorporated as the basis for each of the Charges.  "On February
... ...ting Agreement ("Agreement") was entered into by the managing members Hubert Philogene,
... ...eorge Garnier which changed the percentages of ownership or controlling interest in the
... ... Center, LLC ("CCC") for each member.  Specifically, the Agreement called for  Hubert
... ... Allen, and George Garnier to all become 33.3% interest holders in CCC."

... ... ...es and Mr. Allen turned to this venue asking the Board to enforce their alleged rights under the
... ... ...ent instead of turning to the court which would have proper jurisdiction over the rights of the
... ... Board does not have jurisdiction to enforce any contract between the parties or to make any
... ... of fraud or misrepresentation between the members, as alleged in their July 27, 2006 letter to the
... ... ing an emergency hearing.  Mr. Philogene believes that the other members did not seek resolution in
... ... venue in order to gain additional leverage for a monetary buyout of any alleged membership interest they
... ... by having as the alternative action requested of this Board be that of revoking the Licensee's ABRA

from Mr. George Garnier and Mr. Phillip Allen requesting an emergency hearing by this Board to mandate that Mr. Philogene abide by the terms of the Operating Agreement or, in the alternative, revoke the Licencee's ABRA license. Specifically, Mr. Garnier and Mr. Allen asked this Board to enforce certain membership and managerial rights they believe they have under the provisions of the Operating Agreement[4]. Based on the allegations made in the Request, including the validity of the Operating Agreement, the Board and the District of Columbia issued a show cause notice to the respondents for a hearing on the Charges. This Board does not have jurisdiction to determine the validity of the Operating Agreement, including the transfer of any membership interest therefrom, or any other matter between the parties. This is a membership dispute as to the contractual rights and obligations of the alleged members. The Board's reliance on the questioned Operating Agreement should not be before this Board or occur until such time as a court of competent jurisdiction determines there actually was a valid transfer of interest to warrant the Board's Charges. Only if and until the court determines that a transfer did, in fact, occur should the Board entertain the merits of these Charges.

As discussed below, Mr. Philogene also asserts that numerous misrepresentations and/or incomplete representations are made in the July 27, 2006 Request.

## ARGUMENT

In the request, Mr. Garnier and Mr. Allen claim that the Operating Agreement is valid and in effect and that Mr. Philogene has performed illegal actions including filing a false statement on the ABRA application for a liquor license and fraudulent and/or negligent misrepresentations to Mr. Allen and Mr. Garnier. They further provide a list of his alleged unlawful actions: "(1)

---

[4] In their July 27, 2006 letter to the Board, Mr. Garnier and Mr. Allen also make claims that Mr. Philogene made fraudulent and negligent misrepresentations to them. There is no doubt that these claims are not proper to be determined by this Board.

changing the locks at the establishment to prevent entry by the Majority members; (2) cancelling

a scheduled event so that as to breach a valid contract between a third party and the Majority

Members; (3) making a false report to the Metropolitan Police Department; (4) making a false

statement to the Department of Consumer and Regulatory Affairs (DCRA) and the Board; (5)

making a false representation to the Majority Members concerning the existence of material

information required on the liquor license application; and (6) entering into contracts with third

parties without authorization to do so." None of the alleged unlawful actions are properly before

this Board with the exception of the alleged false statement on the ABRA application. Mr.

Philogene has claims against Mr. Garnier and Mr. Allen, however he acknowledges that these

claims are between himself and Mr. Allen and Mr. Garnier and must be brought in a court of

competent jurisdiction. Therefore, such claims are not addressed herein as they are not proper to

bring before this Board.

1.  It is Not Just and Proper for This Board to Require Mr. Phiogene to Abide by the
    Company's Operating Agreement or Even to Determine its Validity and/or Enforce its
    Provisions.

As discussed in the Summary above and fully incorporated herein, this Board is without

jurisdiction to determine the validity of the Operating Agreement, much less enforce its

provisions.

2.  Mr. Philogene Did Not Make a False Statement on the Liquor License Application or on
    any Filing with DCRA.

Mr. Garnier and Mr. Allen claim in their Request that Mr. Philogene made a false

statement on the liquor license application that he was the only member of the Company. They

go on to cite D.C. Code §25-401(c) as the basis of this alleged wronging. However, D.C. Code

§25-401(c) states in pertinent part that "*all* of the members of a limited liability company...shall

sign a notarized statement certifying that the application is complete and accurate. Any person who knowingly makes a false statement under oath that the Mayor or Board may require, shall be guilty of the offense of making false statements..." Mr. Allen and Mr. Garnier acknowledge that Mr. Philogene did not sign any such document that contained a false statement. See Request, Page 7 ("In fact, the document in question, which is contained in the Board's file, is unexecuted."). As such, Mr. Philogene could not have made a false statement under D.C. Code §25-401(c) as alleged by the other parties.

Mr. Allen and Mr. Garnier further claim that Mr. Philogene made a "false and fraudulent filing" in the "Two-Year Report for Foreign and Domestic Limited Liability Companies" which was filed with DCRA. They mistakenly state that this report was filed on July 29, 2005, however the report was filed on June 28, 2005 as evidenced by the "Filed" notation on the report itself. See Request, Exhibit 5. In this report, the current managers of the LLC must be listed. Mr. Garnier does not claim that he was improperly listed. Mr. Allen was not a manager, or even a member, of the Company as of the date of this filing. Even as allegedly evidenced by their own Exhibits to their Request, Mr. Allen did not become a member or manager of the Company until the February 24, 2006 meeting of the members as set forth in Exhibit 2 to their Response.

## CONCLUSION

Based on the foregoing, Charge I, II, and II should be dismissed, or in the alternative, stayed because this Board does not have jurisdiction to consider and/or rely on the provisions of the Operating Agreement between the parties until such time as a court of competent jurisdiction determines the validity of the July 24, 2007 Operating Agreement and its provisions.

RESPECTFULLY SUBMITTED,

_____

Ashley E. Wiggins, D.C. Bar No. 481557
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
Telephone: 202-429-9000
*Attorney for Respondent Philogene*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2006 a copy of the foregoing document was served by hand to:

Alcoholic Beverage Control Board
941 N. Capitol Street NE, 7th Floor
Washington, DC 20002

Tasha Hardy, Esquire
441 4th ST NW, Suite 450 North
Washington, DC 20001

with a courtesy copy to:

Andrea M. Bagwell, Esquire
1010 Vermont Avenue NW
Washington, DC 20005

_____

Ashley E. Wiggins

# CLUB ZONE OVERTIME

## MEETING AGENDA

### 9-18-06

Welcome to All

Introduction of SOD

Introduction of ABRA-Mrs. Maria Delaney

Introduction of Club Owners

Overview of the Reimbursable Overtime Order

Reimbursable Fee Form- 30 days in Advance – Fee is also due at this time.
To ensure officers are paid accordingly. **Officer Marsha Thompson**

Need for Officers-District Commanders Discretion

Minimum of Two Officers-will be adjusted according to demand/incidents

Hours of Each Detail

Documentation of ABRA Violations

Comments

Conclusions

Exhibit I

202 727 4284      Special Operations Divisi      SOD 202-727-4284      11:39:32   01-25-2007      3 /3

## Metropolitan Police Department

**INVOICE**
**STATEMENT FOR POLICE SERVICES RENDERED**

Special Operations Division
2301 L Street, NW
Washington, DC 20037
Phone: 202 671-6522/Fax 202: 727-6839

Date: 11/23/06
Federal Tax ID# 51-6001131
Prepared by: M. Thompson
Date Received: 11/22/06

Lime Club
1800 Half Street SW
Washington, DC

TACIS Code: _____

Issued On: _____

**Event:**      **Lime Club**

**Location:**    1800 Half Street SW

Reimbursable Detailed Handled By:      First District  / Lt. Charnette Robinson
Date & Time Notified                 Nov. 22, 2006 / 1100 hrs

Event Organizer Advised of Estimated
Cost of Police Services (Name/Date):    Mr. Hubert Philegene / Nov. 22, 2006

| DATE | PERSONNEL | TIMES | # OF HOURS | TOTAL HOURS |
|------|-----------|-------|-----------|-------------|
| Dec. 14, 2006 | 3 | 2300-0300 | 4 | 12 |
| Dec. 16, 2006 | 4 | 2300-0400 | 5 | 20 |
| Dec. 17, 2006 | 3 | 2300-0400 | 5 | 15 |
| Dec. 21, 2006 | 3 | 2300-0300 | 4 | 12 |
| Dec. 23, 2006 | 4 | 2300-0400 | 5 | 20 |
| Dec. 24, 2006 | 3 | 2300-0400 | 5 | 15 |

$55.71 PER HOUR

| | |
|---|---|
| SUBTOTAL HOURS | 235 |
| SUB GRAND TOTAL FOR EVENT | 13,091.85 |
| GRAND TOTAL FOR EVENT | 11,699.10 |
| 80% OF THE GRAND TOTAL DUE IMMEDIATELY | 9,359.28 |
| REMAINDER BALANCE DUE AFTER THE EVENT | 2,339.82 |



**CARIBBEAN CULTURAL CENTER, LLC**
**DBA LIME**
1824 HALF STREET S. W.
WASHINGTON, DC 20024

1824

65-320/550
BRANCH 0450

Pay to the
Order of      DC Treasury

Date 12/23/06

W ne Thousand Three Hundred fifty nine 28/100      Dollars

**WACHOVIA**
Wachovia Bank, N.A.
wachovia.com

DON'T WORRY BE HAPPY

Police Detail Nov 23 - Dec 24

⑈0018 24⑈  ⑈:0 550 032 0 1⑈:  2000026950433⑈

**Police Department**
Division

037
22/Fax 202: 727-6839

**INVOICE**
STATEMENT FOR POLICE SERVICES RENDERED
Date: 09/20/06
Federal Tax ID# 51-6001131
Prepared by: M. Thompson
Date Received:09/20/06

TACIS Code: _____

Issued On:_____

Club

Half Street SW

Detailed Handled By:      First District  / Lt. Charnette Robinson
hed                       Sept. 20, 2006 / 1000 hrs

Advised of Estimated
Services (Name/Date):     Mr. Hubert Philegene / September 20, 2006

| | PERSONNEL | TIMES | #OF HOURS | TOTAL HOURS |
|---|---|---|---|---|
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| | 4 | 2300-0400 | 5 | 20 |
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| | 4 | 2300-0400 | 5 | 20 |
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| $55.71 PER HOUR HOURS | | | GRAND TOTAL | 390 |
| | | | GRAND TOTAL FOR EVENT | 21,726.90 |
| | | | 80% OF THE GRAND TOTAL DUE IMMEDIATELY | 17,381.52 |
| | | + 619.76 OWED FROM SEPT. 3,2006 GRAND TOTAL DUE IMMEDIATELY | | 18,001.28 |
| | | | REMAINDER BALANCE DUE AFTER THE EVENT | 4,345.38 |

| | No | Commander, SOD | Date |
|---|---|---|---|
| es | No | Assistant Chief of Police, OSS | Date |
| Yes | No | Exec. Asst. Chief of Police, Operational Services Group | Date |
| | | Cluster Controller, Public Safety and Justice | Date |

**PLEASE MAKE CHECKS PAYABLE TO:  D.C. TREASURER**

...-SOD SPECIAL EVENTS     202 727 6839     T-412  P.001/002  F-131

*EXibit I*

...tions Division
...e Branch

**METROPOLITAN POLICE**

...der
...nier
...2-671-6522
...2-727-6839

*Thomson*

*973-906-8016*

## ...simile Transmission Cover Sheet

*12/1/05*

...EVI OR *Horebust*

... Number: *202-479-4171*

### ... SOD Special Events Planning Unit

...rence: *Limo Club*

... of pages including cover sheet: *2*

... do not receive all pages, please call 202-671-6522

...ents:

*300 I Street, NW, Washington, DC 20037  •  (202) 671-6522  •  Fax: (202) 727-6839*

Operations Division
Events Branch



ander
Lanier
202-671-6522
    202-727-6839

*Exhibit I*

# Facsimile Transmission Cover Sheet

**DATE:** *1-10-06*

*Limo Club*

**Number:** *479-417/*

**FROM:** SOD Special Events Planning Unit

**Reference:** *INVOICES*

**Number of pages including cover sheet:** *4*

**If you do not receive all pages, please call 202-671-6522**

**Comments:**

*EXHIBIT H*

# THE DISTRICT OF COLUMBIA
## ALCOHOLIC BEVERAGE CONTROL BOARD

| | |
|---|---|
| **In the Matter of:** ) | |
| ) | |
| Caribbean Cultural Center, LLC ) | |
| t/a Lime ) | License No.   72458 |
| ) | Case No.   7920, 8122-07/004C |
| Holder of a Retailer's ) | Order No.   2008-099 |
| Class CN License ) | |
| at premises ) | |
| 1824 Half Street, S.W. ) | |
| Washington, D.C.  20020 ) | |
| ) | |

**BEFORE:**   Peter B. Feather, Chairperson
Judy A. Moy, Member
Albert G. Lauber, Member
Mital M. Gandhi, Member[1]


**ALSO PRESENT:**   Ashley E. Wiggins, Esquire, on behalf of the Respondent, Hubert
Philogene

Andrea Bagwell, Esquire, on behalf of the Respondents, George
Garnier and Phillip Allen

Tasha Hardy, Esquire, Assistant Attorney General, on behalf of the
District of Columbia

Fred P. Moosally, III, Esquire, General Counsel
Alcoholic Beverage Regulation Administration


## FINDINGS OF FACT, CONCLUSIONS OF LAW,
## AND ORDER

On April 4, 2007, the Government served a Notice to Show Cause on Caribbean
Cultural Center, LLC t/a Lime (Respondent) at premises 1824 Half Street, S.W.,
Washington, D.C., charging the Respondent with several violations.  Specifically, the
Notice to Show Cause, dated April 4, 2007 alleges in Charge I, Specification A, that the
Respondent changed the stock ownership or partnership interest of Caribbean Cultural

---

[1] ABC Board Member Mital M. Gandhi was not present at the July 18, 2007 or the August 7, 2007 hearings
but he read the transcripts from these two hearing dates.

1

LLC by 50% or more, within any 12 month period, without seeking prior
from the Alcoholic Beverage Control Board (Board) in violation of D.C.
Code § 25-405 (2001). The Notice to Show Cause alleges in Charge II,
ation A that the Respondent failed to adhere to the filing requirements set out in
ficial Code § 25-405 (2001). Additionally, the Notice to Show Cause alleges in
III, Specification A, that the Respondent failed to submit to the Board in a timely
but no later than 15 calendar days after the change had occurred, documentation
ing a change in controlling 25% or more of common stock of a corporate license,
partnership interest of a limited partnership licensee in violation of D.C.M.R. §
nder Charge IV, Specification A of the Notice to Show Cause, the Respondent
to have, without seeking prior approval from the Board, extended the hours of
tion in violation of D.C. Official Code § 25-762 (b) (13) (2001). Lastly, under
Specification A, the Respondent sold, served or permitted the consumption of
beverages beyond the permitted hours of sale and service for on-premises retail
in violation of D.C. Official Code § 23-723 (b) (3) (2001). The dates of the
ations are February 24, 2006, and October 29, 2006.

he case came before the Board for Show Cause hearings on July 18, 2007, and
2007 in accordance with D.C. Official Code § 25-601 (2001). The Board,
nsidered the evidence, the testimony of the witnesses, the arguments of counsel,
ments comprising the Board's official file, makes the following:

## FINDINGS OF FACT

d issued the Notice to Show Cause, dated April 4, 2007 to the Respondent.
Cause Case File No. 7920, 8122-07/004C.) The Respondent holds a
Class "CN" License and is located at 1824 Half Street S.W. (See ABRA
File No. 72458.) The establishment's approved hours of operation are from
to 2:00 a.m. on Sunday through Thursday and from 10:00 a.m. to 3:00 a.m. on
Saturday. (See ABRA Licensing File No. 72458; Tr. 8/7/07 at 112-113.)

oard held hearings in this matter on July 18, 2007 and August 7, 2007. The
Show Cause charges the Respondent with: (1) changing the stock ownership or
up interest of Caribbean Culture Center, LLC by 50 % or more, within any 12
period, without seeking prior approval from the Board, in violation of D.C.
ode § 25-405 (2001); (2) failing to adhere to the filing requirements set out in
ial Code § 25-405 (2001), in violation of D.C.M.R. § 601.8; (3) failing to
to the Board in a timely manner, but no later than 15 calendar days after the
had occurred, documentation reflecting a change in controlling 25 % or more of
stock of a corporate license, or of the partnership interest of a limited
hip licensee in violation of D.C.M.R. § 601; (4) having, without seeking prior
al from the Board, extended the hours of operation, in violation of D.C. Official
§ 25-762 (b) (2001); and 5) selling, serving or permitting the consumption of
olic beverages beyond the permitted hours of sale and service for on-premises retail
sees, in violation of D.C. Official Code § 23-723 (b) (3) (2001). (See Show Cause
File No. 7920, 8122-07/004C.)

2

... ﾵﾅy 18, 2007, the Respondent filed a Motion to Dismiss or in the Alternative, A
... ﾵ to Stay, Charges I, II, and III of the Show Cause Notice. (Tr. 07/18/07 at 10.)
... hearing oral arguments, the Board denied the Respondent's Motion to Dismiss on
... 2007. (Tr. 07/18/07 at 17.) Respondent did not contest the allegations set forth
... ﾵﾱges IV and V. (Tr. 07/18/07 at 21, 23.)

... ﾵerne Fletcher is a Mediation Specialist with the Alcoholic Beverage Regulation
... ﾵnistration. (Tr. 07/18/07 at 25.) She has also served as Interim Chief Investigator
... ﾵﾱr responsibility was to oversee the operation of the Enforcement Division. (Tr.
... ﾵt 25-26.) It was during her tenure as the Interim Chief Investigator that she
... ﾵr familiar with the Respondent when she investigated its activities. (Tr. 07/18/07
... ﾵ) In the course of her investigation, she reviewed the ABC License Application,
... ﾵﾱficate of Organization, the Notice of Issuance of the ABC License and the
... ﾵﾱﾱ's Operating Agreement. (See Government Exhibit No. 1; Tr. 07/18/07 at 29-
... ﾵ ABC License Application is dated April 4, 2005. (Tr. 07/18/07 at 41-42.) Only
... ﾵﾱﾱhilogene's name is on the ABC License Application and his title is listed as
... ﾵﾱr (Tr. 07/18/07 at 30, 38, 41-42.) The Notice of Issuance of the ABC License
... ﾵﾱy contains Mr. Philogene's name. (Tr. 07/18/07 at 30.)

... ﾵﾱigator Fletcher's review of the nightclub's Operating Agreement revealed that
... ﾵﾱ.ﾱgene, Mr. Garnier and Mr. Allen each have a 33.3 percent interest in the
... ﾵﾱﾱ (See Government Exhibit No. 1C; Tr. 07/18/07 at 31, 45.) The Operating
... ﾵﾱﾱﾱent designates Mr. Allen as the Manager, Mr. Garnier as the First Assistant
... ﾵﾱ and Mr. Philogene as the Second Assistant Manager. (Tr. 07/18/07 at 32, 94.)
... ﾵﾱﾱﾱ Fletcher stated that the ABC License Application was never updated to
... ﾵﾱ the current ownership structure nor were any documents submitted to ABRA to
... ﾵﾱﾱﾱﾱate a change in ownership of the nightclub. (Tr. 07/18/07 at 32, 39.)
... ﾵﾱﾱﾱﾱ Fletcher indicated that ABRA procedure requires licensees to file an
... ﾵﾱﾱﾱﾱon to Transfer to New Owner within 15 days of the date of change in ownership.
... ﾵﾱﾱﾱ8/07 at 33, 44-46.) This submission is necessary in order to receive the Board's
... ﾵﾱﾱﾱal (Tr. 07/18/07 at 44.) The nightclub's Operating Agreement was executed
... ﾵﾱﾱy 24, 2006 and no Application to Transfer to New Owner was filed within 15
... ﾵﾱﾱﾱ the February 24, 2006 date. (Tr. 07/18/07 at 33.)

... ﾵﾱhillip Allen has lived at 3711 Essex Road, Baltimore, Maryland for over eight years.
... ﾵﾱﾱ8/07 at 58.) He is self-employed and works as a professional real estate investor.
... ﾵﾱﾱ8/07 at 58-59.) He is familiar with the Respondent because of an event he
... ﾵﾱﾱﾱﾱed at the establishment in May or June of 2005. (Tr. 07/18/07 at 59.) Mr. ...
... ﾵﾱﾱﾱﾱene told Mr. Allen that for an investment of $60,000.00, Mr. Allen could have an
... ﾵﾱﾱﾱﾱ st in the nightclub and for an investment of $120,000.00, Mr. Allen could become a
... ﾵﾱﾱﾱﾱﾱﾱr in the nightclub. (Tr. 07/18/07 at 62, 87; Tr. 08/07/07 at 8.) Based upon a verbal
... ﾵﾱﾱﾱﾱment, Mr. Allen made an initial payment to Mr. Philogene of $30,000.00 on June
... ﾵﾱ ﾵ 2005. (Tr. 07/18/07 at 62, 65-66; Tr. 08/07/07 at 7, 10.) Between June 2005 and
August 2005, Mr. Allen made an additional investment in the amount of $42,800.00. (Tr.
... ﾵﾱ8/07/07 at 14-16.) Mr. Allen made another payment of $56,000.00 jointly with Mr.
... ﾵﾱﾱﾱﾱier after the Operating Agreement was executed. (Tr. 07/18/07 at 66-67, 78.) Mr.
... ﾵﾱﾱlen contributed a total of $282,000.00 to the nightclub's operations to pay for back
... ﾵﾱﾱt, remodeling, salaries, promotional events, marketing, liquor inventory and upgrades.

(Tr. 07/18/07 at 67-69; Tr. 08/07/07 at 31.) Mr. Allen considered himself to be a partner in the business. (Tr. 07/18/07 at 70; Tr. 08/07/07 at 6, 16.)

7. Mr. Allen trusted Mr. Philogene to operate in a business relationship with him without a written agreement until February 2006. (Tr. 07/18/07 at 70.) Mr. Philogene produced an initial Operating Agreement in the fall of 2005, but Mr. Allen and Mr. Garnier refused to sign it because it listed four partners, one of whom was making no financial investment in the business. (Tr. 07/18/07 at 70-71, 74-75.) When Mr. Allen met Mr. Garnier at a business meeting, he believed Mr. Garnier to be one of the owners. (Tr. 07/18/07 at 73.) Mr. Allen, Mr. Garnier and Mr. Philogene eventually entered into an Operating Agreement on February 24, 2006 that listed the three men as partners. (See Government Exhibit No. 1C; Tr. 07/18/07 at 75-77; Tr. 08/07/07 at 52.)

8. Mr. Allen believed that when he invested in the nightclub, he would own 33.3 percent of the establishment. (Tr. 07/18/07 at 80.) An Addendum to the Operating Agreement (Addendum), also dated February 2006, reflected Mr. Allen's investment of $30,000.00. (Government's Exhibit No. 1C; Tr. 07/18/07 at 83.) The Addendum reflected that Mr. Philogene relinquished the day-to-day managerial duties to Mr. Allen and Mr. Garnier. (See Government's Exhibit No. 1C; Tr. 07/18/07 at 93, 95.) It was Mr. Allen's understanding that in exchange for his investment in the nightclub, he would receive an allocation of the profits based upon his percentage interest in the ownership. (Tr. 07/18/07 at 111; Tr. 08/07/07 at 36.)

9. Mr. Allen also understood that all three partners would be listed on the ABC liquor license. (Tr. 07/18/07 at 78-80.) He was told by the establishment's attorney that he had rights to the ABC license because he was a member of the nightclub. (Tr. 08/07/07 at 18-19, 21, 33, 67-68.) He learned in December of 2005 that his name was not listed on the license. (Tr. 08/07/07 at 19.) Mr. Allen stated that he and Mr. Garnier produced the necessary documentation for Mr. Philogene to file the Application for Transfer to New Owner with ABRA. (Tr. 7/18/07 at 86.) The three men met with ABRA staff to effectuate the license change. (Tr. 08/07/07 at 25-26; 65-66.) There were problems with the filing because Mr. Philogene could not produce a Clean Hands certificate for the business. (Tr. 08/07/07 at 55-56.) Mr. Allen's relationship with Mr. Philogene deteriorated following the execution of the Operating Agreement. (Tr. 07/18/07 at 86; Tr. 08/07/07 at 31.) He stated that Mr. Philogene failed to comply with the terms of the Operating Agreement and there is no oversight regarding the income or the monetary investments. (Tr. 07/18/07 at 86; Tr. 08/07/07 at 31-32.)

10. George Garnier is a 27 year resident of Takoma Park, Maryland. (Tr. 08/07/07 at 75.) He is self-employed as a welding and heating construction worker. (Tr. 08/07/07 at 76.) Mr. Garnier entered into a business relationship with Mr. Philogene in September 2004 when he invested $5,000.00 in the nightclub. (Tr. 08/07/07 at 83, 106.) Over time, Mr. Garnier invested a total of $160,000.00 to $180,000.00 into the business. (Tr. 08/07/07 at 83.) The investment was used to purchase liquor, equipment and supplies; renovate the building and pay staff salaries. (Tr. 08/07/07 at 84, 100.) Mr. Garnier understood that his position in the nightclub from the very beginning was to be a partner. (Tr. 08/07/07 at 84, 117.) He did not initially sign any documents formalizing the business relationship because he trusted Mr. Philogene. (Tr. 08/07/07 at 85.)

Garnier met Mr. Allen in August 2005 through his relationship with Mr. [...]. (Tr. 08/07/07 at 86.) Mr. Allen was introduced to Mr. Garnier as Mr. [...]'s partner. (Tr. 08/07/07 at 88, 98.) The three men entered into the Operating [...] because they were having financial difficulty with the business. (Tr. 08/07/07 [...] Mr. Garnier continued to invest money but the nightclub wasn't generating [...] income on a given weekend to purchase the liquor for a subsequent weekend. [...] 08/07/07 at 90.) The nightclub's bills were not being paid either. (Tr. 08/07/07 at [...] Mr. Garnier understood that he and Mr. Allen were supposed to be listed on the [...] liquor license. (Tr. 08/07/07 at 91.) Mr. Garnier believed that the Operating [...] established a three way partnership with each partner receiving 33.3 percent [...] in the nightclub. (Tr. 08/07/07 at 92, 107, 118.)

Garnier discovered he too, was not on the Respondent's liquor license in August [...] 08/07/07 at 119.) He was told that he did not have to be on the license to be a [...] management. (Tr. 08/07/07 at 121.) He prepared all the information required [...] file the documents for the Change of Ownership Application. (Tr. 08/07/07 at [...] 22-123.) Mr. Philogene, Mr. Allen and Mr. Garnier met with ABRA staff to file [...] Transfer Application in June 2006. (Tr. 08/07/07 at 93, 103, 120.) Mr. Garnier stated [...] and Mr. Allen could not make the changes to the Application on their own accord [...] Mr. Philogene was the only member listed on the original ABC License. (Tr. [...] at 94.) Mr. Garnier gave all of the documentation to Mr. Philogene to file with [...] but the Application was never processed. (Tr. 08/07/07 at 94, 120-121.) Mr. [...] told Mr. Garnier that he lost the documentation and that he couldn't find it. [...] 07/07 at 94.) Mr. Garnier's relationship with Mr. Philogene has also deteriorated. [...] 08/07/07 at 94.) He was not permitted to enter the establishment the last time he [...] because Mr. Philogene had changed the locks. (Tr. 08/07/07 at 95, 108.) Mr. [...] told him he was removing him from the business. (Tr. 08/07/07 at 96.)

[...] Philogene is a resident of Silver Spring, Maryland. (Tr. 08/07/07 at 145.) He [...] the establishment, Caribbean Culture Center, LLC located at 1824 Half Street [...] in 2004. (Tr. 08/07/07 at 145-146.) He was the only member listed when he [...] for his ABC license in March 2005. (See ABRA Licensing File No. 72458; Tr. [...] 07 at 146-147, 178.) He considered Mr. Garnier to be an investor. (Tr. 08/07/07 at [...]) Mr. Allen came into the business as an investor as well in June 2005. (Tr. [...] 07 at 148, 157.) He offered Mr. Allen and Mr. Garnier his draft of the Operating [...] ement, but the two investors never signed it. (Tr. 08/07/07 at 148.)

[...] Mr. Philogene stated that all three members met in February 2006 wherein all three [...] the Operating Agreement. (Tr. 08/07/07 at 158.) At that time, Mr. Philogene [...] to have Mr. Allen and Mr. Garnier act as managers of the nightclub. (Tr. 08/07/07 [...] 158.) He stated that he could not accomplish the transfer of ownership for the new ABC license due to problems he was having with the Clean Hands certification. (Tr. 08/07/07 at 159.) It is Mr. Philogene's position that the Operating Agreement is not valid. (Tr. 08/07/07 at 176.)

15  Mr. Philogene acknowledges that an ABRA investigator did enter the nightclub and that ABRA violations occurred at the establishment. (Tr. 08/07/07 at 175.) He has taken

5

address the violations such as posting the hours of operation at the bar and
...ing last call one half hour before the nightclub closes. (Tr. 08/07/07 at 175.) Mr.
...ge has not submitted the Security Plan requested by the Board on March 15, 2006.
...07/07 at 189-190.)

...Respondent admitted Charge IV wherein he extended the hours of his operation
...the prior approval of the Board and Charge V wherein he sold, served or
...the consumption of alcoholic beverages beyond the permitted hours of sale and
...Tr. 07/18/07 at 21, 23.)

## CONCLUSIONS OF LAW

...oard has the authority to suspend or revoke the license of a licensee who
...provision(s) of Title 25 of the D.C. Official Code pursuant to D.C. Official
...25 (1) (2001). Additionally, the Board has the authority to impose civil
...a licensee who violates any provision(s) of Title 25 of the D.C. Official Code
...D.C. Official Code § 25-830 (2001). In the present case, the Board finds that
...ondent's violations of D.C. Official Code § 25-405 (2001), D.C. Official Code §
...(2001) and D.C. Official Code § 25-763 (2001), as described below, warrant the
...of the Respondent's Class "CN" Retailer's License.

...regard to Charge I, Specification A, the Board found that the testimony of
...stigator Fletcher clearly established that the Respondent changed the stock
...without seeking prior approval of the Board. Specifically, she testified that
...gene was the sole individual listed on the original ABC license application filed
...A on April 4, 2005. He is also the only party listed on the Notice of Issuance
...License. Subsequent to the filing of the original ABC license application,
...gene entered into an Operating Agreement with Mr. Allen and Mr. Garnier to
...operations of the nightclub. Investigator Fletcher's review of the February 24,
...nerating Agreement reveals that Mr. Allen is listed as the Manager, Mr. Garnier is
...the First Assistant Manager and Mr. Philogene is listed as the Second Assistant
...Additionally, each of the three members were granted a 33.3% interest in the
...Investigator Fletcher testified that the ABC license was never updated to
...the current ownership structure as set forth in the Operating Agreement. Nor were
...ments submitted to ABRA to demonstrate a change in the ownership of the
...The nightclub's Operating Agreement was executed February 24, 2006 and no
...of Ownership Application was filed within 15 days of the February 24, 2006 date
...red by law. Consequently, the Board found under Charge I, Specification A, that
...ondent changed the stock ownership or partnership interest of Caribbean
...Center, LLC by 50% or more, within a 12 month period, without seeking prior
...val from the Alcoholic Beverage Control Board (Board) in violation of D.C.
...cial Code § 25-405 (2001).

With regard to Charge II, Specification A, the Board must find that the Respondent
...to adhere to the filing requirements set out in D.C. Official Code § 25-405 (2001)
...violation of D.C.M.R. § 601.8. The Board notes that in finding the Respondent guilty
...Charge I, the Board also finds the Respondent guilty of Charge II as Charge II is a

6

lesser charge that contains the same Specification A alleged in Charge I. This is consistent with previous Board practice and procedure in other Show Cause hearings.

20. With regard to Charge III, the Board must determine that the Respondent failed to submit to the Board in a timely manner, but no later than 15 calendar days after the change had occurred, documentation reflecting a change in controlling 25% or more of common stock of a corporate license or of the partnership interest of a limited partnership licensee in violation of D.C.M.R. § 601. The Board notes that in finding the Respondent guilty of Charge I and II, the Board also finds the Respondent guilty of Charge III as Charge II and III are lesser charges that contain the same Specification A alleged in Charge I and II. This is consistent with previous Board practice and procedure in other Show Cause hearings.

21. With regard to Charge IV, the Board must determine whether the Respondent, without seeking prior approval from the Board, extended the hours of its operation. At the July 18, 2007 Show Cause Hearing, the Respondent admitted to the allegations set forth in Charge IV and as a result, the Board found that the Respondent did extend its hours of operation without prior Board approval in violation of D.C. Official Code § 25-762 (b)(13) (2001).

22. With regard to Charge V, the Board must determine whether the Respondent sold, served or permitted the consumption of alcoholic beverages beyond the permitted hours of sale and service for on-premises retail licensees. At the July 18, 2007 Show Cause Hearing, the Respondent admitted to the allegations set forth in Charge V and as a result, the Board found that the Respondent sold, served or permitted the consumption of alcoholic beverages beyond the permitted hours of sale and service for on-premises retail licensees, in violation of D.C. Official Code § 23-723(b) (3) (2001).

23. In making its decision to revoke the Respondent's license rather than suspend it, the Board relied on the testimony and evidence submitted by Investigator Fletcher. Her thorough examination of the ABRA license file and the Operating Agreement underscores the Respondent's failure to file, as required by law, an Application for Transfer to New Owner when the ownership of the establishment was changed to include two additional members. The Board found these charges to be serious as it is imperative that the Board knows and has confidence with regard to who owns and is operating a licensed establishment. Additionally, the Respondent failed to submit the proper documentation requesting written approval of the transfer. The Board found that these violations and the disregard of the nightclub's management to comply with the laws and regulations that govern licensed establishments, notwithstanding their knowledge of the licensing requirements, warrants the revocation of the Respondent's license.

24. Based upon the above, the Board finds that the Respondent's violation of D.C. Official Code § 25-405 (2001), as set forth in Specification A of Charge I and II, and the violation of D.C.M. R. § 25-601 in Charge III, in addition to the violation of D.C. Official Code § 25-762 (b) (13) (2001) of Charge IV and D.C. Official Code § 25-723 (b) (3) (2001) of Charge V warrants the revocation of the Respondent's Retailer's Class "CN" License.

7

## ORDER

Based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** on this 19th day of March 2008, that:

1. The Respondent's Retailer's Class "CN" License, at 1824 Half Street S.W., Washington, D.C., shall be and is hereby revoked.

District of Columbia
Alcoholic Beverage Control Board

Peter B. Feather, Chairperson

Judy A. Moy, Member

Albert G. Lauber, Member

Mital M. Gandhi, Member

Pursuant to pursuant to Section 11 of the District of Columbia Administrative Procedure Act, Pub. L. 90-614, 82 Stat. 1209, D.C. Official Code §2-510 (2001) and Rule 15 of the District of Columbia Court of Appeals, any party adversely affected has the right to appeal this Order by filing a petition for review, within thirty (30) days of the date of the service of this Order, with the District of Columbia Court of Appeals, 500 Indiana Avenue, N.W., Washington D.C. 20001.

Also, pursuant to section 11 of the District of Columbia Administrative Procedure Act, Pub. L. 90-614, 82 Stat. 1209, D.C. Official Code § 2-510 (2001), and Rule 15 of the District of Columbia Court of Appeals, any party adversely affected has the right to appeal this Order by filing a petition for review, within thirty (30) days of the date of service of this Order, with the District of Columbia Court of Appeals, 500 Indiana Avenue, N.W., Washington, D.C. 20001. However, the timely filing of a Motion for Reconsideration pursuant to 23 DCMR § 1719.1 (April 2004) stays the time for filing a petition for review in the District of Columbia Court of Appeals until the Board rules on the motion. See D.C. App. Rule 15(b).

**CLUB ZONE OVERTIME**

**MEETING AGENDA**

**9-18-06**

Welcome to All

Introduction of SOD

Introduction of ABRA-Mrs. Maria Delaney

Introduction of Club Owners

Overview of the Reimbursable Overtime Order

Reimbursable Fee Form- 30 days in Advance – Fee is also due at this time. To ensure officers are paid accordingly. **Officer Marsha Thompson**

Need for Officers-District Commanders Discretion

Minimum of Two Officers-will be adjusted according to demand/incidents

Hours of Each Detail

Documentation of ABRA Violations

Comments

Conclusions

Exhibit I

Page-SOD SPECIAL EVENTS

EKibit I

...rations Division
...s Branch

...METROPOLITAN POLICE

...nder
...anier
...02-671-6522
...02-727-6839

Thomson

973-906-8016

## ...simile Transmission Cover Sheet

12/1/05

...VI OR Herbert

...umber: 202-479-4671

SOD Special Events Planning Unit

...ence: Lion club

...er of pages including cover sheet: 2

...o not receive all pages, please call 202-671-6522

...ents:

3301 I Street, NW, Washington, DC 20007 ◆ (202) 671-6522 ◆ Fax: (202) 727-6839

Operations Division
Events Branch



mander
Lanier
202-671-6522
       202-727-6839

Exhibit J

## Facsimile Transmission Cover Sheet

DATE: _1-10-06_

_Limo Club_

Number: _479-417,_

FROM: SOD Special Events Planning Unit

Reference: _INVOICES_

Number of pages including cover sheet: _4_

If you do not receive all pages, please call 202-671-6522

Comments:

300 L Street, NW, Washington, DC 20037 • (202) 671-6511 • Fax: (202) 727-0000

SUD 202-727-8284                    11:39:32    01-25-2007                3/3

**Police Department**
Division

...37
2/Fax 202: 727-6839

**INVOICE**
**STATEMENT FOR POLICE SERVICES RENDERED**
Date: 11/23/06
Federal Tax ID# 51-6001131
Prepared by: M. Thompson
Date Received: 11/22/06

TACIS Code: _____

Issued On: _____

L: ...ne Club
L: ... Half Street SW

Re... ...etailed Handled By:          First District  / Lt. Charnette Robinson
De... ...fied                        Nov. 22, 2006 / 1100 hrs

Eve... ... Advised of Estimated
Co... ...ces (Name/Date):    Mr. Hubert Philegene / Nov. 22, 2006

| PERSONNEL | TIMES | # OF HOURS | TOTAL HOURS |
|---|---|---|---|
| 3 | 2300-0300 | 4 | 12 |
| 4 | 2300-0400 | 5 | 20 |
| 3 | 2300-0400 | 5 | 15 |
| 3 | 2300-0300 | 4 | 12 |
| 4 | 2300-0400 | 5 | 20 |
| 3 | 2300-0400 | 5 | 15 |

**$55.71 PER HOUR**

| | |
|---|---|
| SUBTOTAL HOURS | 235 |
| SUB GRAND TOTAL FOR EVENT | 13,091.85 |
| GRAND TOTAL FOR EVENT | 11,699.10 |
| 80% OF THE GRAND TOTAL DUE IMMEDIATELY | 9,359.28 |
| REMAINDER BALANCE DUE AFTER THE EVENT | 2,339.82 |



**CARIBBEAN CULTURAL CENTER, LLC**
**DBA LIME**
1824 HALF STREET S. W.
WASHINGTON, DC 20024

1824
65-320/550
LBRANCH 04321

Pay to the
Order of  ___DC Treasury___          Date _____

___One Thousand Three Hundred fifty nine___     $ _9,359.28_

**WACHOVIA**                                    DON'T WORRY BE HAPPY
Wachovia Bank, N.A.
wachovia.com

Police Detail  Nov 23 - Dec 24

⑈001824⑈ ⑆055003201⑆ 20000 2695043 3⑈

**Police Department**

Division

Fax 202: 727-6839

**INVOICE**

**STATEMENT FOR POLICE SERVICES RENDERED**

Date: 09/20/06

Federal Tax ID# 51-6001131

Prepared by: M. Thompson

Date Received:09/20/06

TACIS Code: _____

Issued On:_____

Club

Half Street SW

Handled By:     First District  / Lt. Charnette Robinson
                Sept. 20, 2006 / 1000 hrs

Advised of Estimated
Services (Name/Date):     Mr. Hubert Philegene / September 20, 2006

| | PERSONNEL | TIMES | #OF HOURS | TOTAL HOURS |
|---|---|---|---|---|
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| | 4 | 2300-0400 | 5 | 20 |
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| | 4 | 2300-0400 | 5 | 20 |
| | 3 | 2300-0400 | 5 | 15 |
| | 4 | 2300-0400 | 5 | 20 |
| $55.71 PER HOUR HOURS | | GRAND TOTAL | | 390 |
| | | GRAND TOTAL FOR EVENT | | 21,726.90 |
| | | 80% OF THE GRAND TOTAL DUE IMMEDIATELY | | 17,381.52 |
| | | + 619.76 OWED FROM SEPT. 3,2006 GRAND TOTAL DUE IMMEDIATELY | | 18,001.28 |
| | | REMAINDER BALANCE DUE AFTER THE EVENT | | 4,345.38 |

No     _____     Date
       Commander, SOD

Yes     No     _____     Date
               Assistant Chief of Police, OSS

Yes     No     _____     Date
               Exec. Asst. Chief of Police, Operational Services Group

_____     Date
Cluster Controller, Public Safety and Justice

**PLEASE MAKE CHECKS PAYABLE TO:  D.C. TREASURER**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_HUBERT PHILOGENE_
Plaintiff

v.                              Civil Action No.   08 1399

                                                   AUG 12 2008

_DCAA, ET AL_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **ROBERTS, J. RWR** All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
    Deputy Clerk

cc: _HUBERT PHILOGENE_

                                              929A
                                              Rev. 7/02

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Hubert Philogene

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DC
(EXCEPT IN U.S. PLAINTIFF CASES) 88888

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Hubert Philogene
1909 Bronzegate Blvd.
Silver Spring, MD 20904

**DEFENDANTS** District of Columbia; Department of Consumer Regulatory Affairs; Alcoholic Beverage Regulation Administration; Metropolitan Police Department

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DC 1100/
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-01399
Assigned To : Roberts, Richard W.
Assign. Date : 8/12/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENS** FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ■ | ■ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☒ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC § 1983; Violation of due process and unlawful seizure

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** N.P.   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

**DATE** 8/12/08   **SIGNATURE OF ATTORNEY OF RECORD** 

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.