UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 0 3 2008
Clerk, U.S. District and
Bankruptcy Courts

Hubert Philogene, }
}
Plaintiff, }
}
}
}
}
v. } Civil No. 0801399 (RWR)
}
District of Columbia, et al }
}
Defendants }
}
_____ }

**PIAINTIFF'S MOTION FOR REMAND**

**I. STANDARD OF REVIEW**

The party seeking removal of an action bears the burden of proving that jurisdiction existing federal court. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 297 (D.D.C. 2005); In re Tobacco/Gov'tal Health Care Costs Litig., 100 F. Supp. 2d 31, 35 (D.D.C. 2000). Because of the significant federalism concerns involved, this Court strictly construes the scope of its

removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941); Bhagwanani, 355 F. Supp. 2d at 297; Johnson-Brown v. 2200 M St. LLC, 257 F. Supp. 2d 175,

Defendant was correct in stating that in paragraph 27 of Amended Complaint, I alleged: ON the facts alleged above the District of Columbia is liable to named plaintiff(s) under 42 U.S.C.§ 1983 for violation under color of law of their constitutional rights for due process and rights to be free from unreasonable seizure of their persons under the Fourth Amendment to the United States Constitution. However;

1. Plaintiff, Hubert Philogene respectfully requests that the court remand this case for reasons as follows:

On May 29, 2008, Mr. Philogene filed a Complaint in the Superior Court of the District of Columbia, Case number 2008 CA 004005B. This case was brought this case before the Superior Court due to torts, loss of my business and loss of income due to illegal citations and shutdowns of my business. On June 27, 2008, Defendants filed a Consent motion for more Definite Statement, which was granted on July 16, 2008. As requested by Defendants motion for more definite

statement, I filed an Amended Complaint on July 17, 2008. On August 12, 2008 filed a notice of removal and on August 19, 2008 defendant filed a motion to Dismiss my amended complaint for lack of proper service pursuant to SCR-Civil 4; DCRA, ABRA and MPD are non sui juris. That the Mayor is not a party to the case That Mr. Philogene is not a real party in interest and does not have capacity to sue on behalf of an LLC.

2. This notice for remand is brought pursuant to 18 U.S.C. § 401 (3) (1988) because A court whose order has been disobeyed has jurisdiction and venue to hear the contempt proceeding. *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 454-455 (1932).

## JURISDICTION

3. The Court has inherent power to enforce compliance with its orders 18 U.S.C. § 401 (3) (1988) ("a COURT OF THE United States shall have power to punish …at its discretion, such contempt of its authority…. As disobedience or resistance to its lawful writ, process, order, rule, decree, or command."); see also *McComb v. Jacksonville Paper Co.* 336 U.S. 187, 193-194 (1949). A court whose order has been disobeyed has jurisdiction and venue to hear the contempt

proceeding. *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 454-455 (1932).

Failure to comply with a court order or decree may be deemed contempt. In order for the defendant to be found in civil contempt, United States must show by clear and convincing evidence that there was a lawful decree, that the defendant had knowledge of the decree, and that the decree was violated. United States v. Greyhound Corp., 363 F. Supp. 525, 570 (N.D. 111), aff'd, 508 F. 2d 529 (7th Cir.1974) Evidence of intent or willfulness on the part of the defendant is not required for a finding of civil contempt. Greyhound Corp., 363F. Supp. At 570; McComb, 336 U.S. at 191. Moreover in **THOMAS J. DOWNEY, Plaintiff, v. Civil Action No. 08-982 (JDB) AMBASSADOR DEVELOPMENT, LLC, et** al., Defendants. The courts ruling stated:

> (d) that Court need not rule now on whether a cause of action lies against Ambassador LLC. The standard is very low for plaintiff to obtain a remand based on the capacity of a defendant to be sued, with a remand required where there is "even a possibility that a state court would find a cause of action stated against" a defendant who is purportedly not subject to suit. Brown, 26 F.

(a) Supp. 2d at 77 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981)). Plaintiff has sufficiently raised that possibility here. In the context of plaintiff's remand motion, the individual defendants have, in effect, asked the Court to dismiss the claims against Ambassador LLC on the ground that plaintiff has failed to state a claim against Ambassador LLC. That determination should be made by the D.C.

(b) Superior Court. See Brown, 26 F. Supp. 2d at 77 (holding that "[r]egardless of the strength or weakness of the plaintiffs' . . . argument, it cannot be said to be 'wholly nonsensical.' Its merit,

(c) therefore, is appropriately left for the courts of the District of Columbia to determine on remand."); see also Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 374 (E.D. Pa. 2000"

Wherefore, this action should be remanded to the Superior Court of the District of Columbia pursuant to 18 U.S.C. § 401 (3).

Dated: September 3, 2008

Respectfully submitted,

Hubert L. Philogene

Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on ~~Sep 3~~, I caused the foregoing Notice to Remand to be filed with the Clerk of the Court and also ~~process~~ FiRsT Class Mail ~~served~~ a copy to:

Office of the Attorney General

Nicholas Coates
Acting Attorney General for the District of Columbia
441 Fourth Street, NW 6th Floor
Suite 600-S Washington, DC 20001

Tonia Robinson
441 Fourth Street, NW 6th Floor
Suite 600-S Washington, DC 20001