**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| HUBERT PHILOGENE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1399 (RC) |
| | : | | |
| v. | : | Re Document No.: | 19 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANTS' MOTION TO DISMISS**

## I.  INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss.  The plaintiff brings suit against the District of Columbia and Sergeant Kenneth W. Mack, alleging that they improperly cited, arrested, and prosecuted him for operating a nightclub without a license.  The plaintiff alleges that the defendants' conduct violated the common law and the U.S. Constitution. Because the plaintiff's factual allegations do not support a claim of municipal liability, the court will dismiss the plaintiff's constitutional claims against the District of Columbia.  In addition, the court will dismiss the plaintiff's constitutional claims against Sergeant Mack because they are time-barred.  Absent any viable federal claims, the court chooses not to exercise supplemental jurisdiction over the plaintiff's common-law claims.  Accordingly, the court grants the defendants' motion.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

From 2004 to 2007, the plaintiff operated a restaurant and nightclub in the District of Columbia called The Lime.  Pl.'s Opp'n to Defs.' Mot. to Dismiss [Dkt. # 21] at 2.  Sergeant Kenneth W. Mack, an officer with the District of Columbia's Metropolitan Police Department,

visited The Lime in early 2007 and asked to see the plaintiff's license or permits. *Id.* Over the next few months, Sergeant Mack issued the plaintiff several citations for operating The Lime as a public hall without a proper permit. *Id.* In July 2007, the plaintiff was arrested for the same offense. *Id.* at 3. He was prosecuted, convicted, and sentenced to five days in prison. *Id.*

In May 2008, the plaintiff filed suit against the District of Columbia in the Superior Court of the District of Columbia, and the defendant removed the plaintiff's action to this court. In May 2011, the plaintiff amended his complaint to name Sergeant Mack as an additional defendant. 2d Am. Compl. [Dkt. # 16]. Now before the court is the defendants' motion to dismiss for failure to state a claim on which relief can be granted.[1] *See* Defs.' Mot. to Dismiss ("Defs.' Mot.") [Dkt. # 19].

## III.  ANALYSIS

### A.  The Court Grants the Defendants' Motion to Dismiss

#### 1.  Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)

All that the Federal Rules of Civil Procedure require of a complaint is that it contain a "short and plan statement of the claim" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. FED. R. CIV. P. 8(a)(2), *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.

---

[1]    The defendants also argue that the plaintiff's claims against the District of Columbia must be dismissed under Rule 12(b)(5) because service was untimely. Defs.' Mot. at 2–5. The plaintiff originally filed suit on May 29, 2008, but he did not serve the District of Columbia until August 12, 2008. The defendants challenge this as untimely because service occurred more than 60 days after the complaint was originally filed. *See* Superior Court of the District of Columbia, Local Civil Rule 4(j). Once this case was removed, however, the federal rules give the plaintiff 120 days to serve the defendants (which he met). FED. R. CIV. P. 4(m). In any event, given the plaintiff's former *pro se* status and his unsuccessful effort to serve the District within the 60-day period, the court concludes that the plaintiff has shown good cause for any extra time needed. *See id.* The plaintiff's claims against Sergeant Mack will be dismissed as untimely for the reasons discussed below.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court considering such a motion presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010), nor must the plaintiff plead law or match facts to every element of a legal theory, *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Id.*  A court need not accept a plaintiff's legal conclusions as true, *id.*, nor must the court presume the veracity of legal conclusions that are couched as factual allegations.  *Twombly*, 550 U.S. at 555.

### 2.  The Plaintiff Fails to State a § 1983 Claim Against the District of Columbia

The plaintiff alleges that the District of Columbia violated his constitutional rights, and he therefore seeks damages under 42 U.S.C. § 1983.  A municipality, such as the District, is only liable under § 1983 for the acts of its employees if a plaintiff can show that: (1) he was deprived of a constitutional right; and (2) such deprivation was the result of a government policy or custom.  *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *see Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691–94, (1978).  Under § 1983, a plaintiff may not hold the District liable under a simple theory of *respondeat superior*.  *Burnett v. Sharma*, 511 F. Supp. 2d 136, 141 (D.D.C. 2007).

Here, the plaintiff alleges that Sergeant Mack violated a number of his constitutional rights by citing and arresting him. *See* 2d Am. Compl. ¶¶ 20–33. Even if his allegations were sufficient to establish a predicate constitutional violation,[2] the plaintiff's claim founders on the second step of the inquiry. The plaintiff's second amended complaint does not articulate any specific allegations describing a government policy or custom behind Sergeant Mack's actions. Instead, the plaintiff summarily reiterates the elements of a claim for municipal liability under *Monell*. *Id*. ¶ 21 ("Consequently, while acting under color of District of Columbia law, the Defendant commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of the Plaintiff was violated."). These formulaic and threadbare recitals of a cause of action are legally insufficient to shield the plaintiff's claim from a motion to dismiss. *Twombly*, 550 U.S. at 555. Because the plaintiff has alleged no factual basis to support his claim of municipal liability, the court concludes that the plaintiff has not stated a plausible claim to relief against the District of Columbia. *Id.*; *see also Creecy v. District of Columbia*, 2011 WL 1195780, at *9 (D.D.C. 2011) (holding that *Iqbal* requires dismissal of conclusory claims that individual officers' unconstitutional conduct gave rise to municipal liability); *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 58–59 (D.D.C. 2011) (same). Accordingly, the court will dismiss the plaintiff's § 1983 claim against the District of Columbia.

### 3. The Plaintiff Fails to State a Claim Against the District Under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986

The plaintiff also brings claims against the District of Columbia under 42 U.S.C. § 1985(3) and § 1986, but these charges must be dismissed for the same reasons discussed above.

---

[2]       The court pauses to express its skepticism that the plaintiff's factual allegations suffice to state a plausible constitutional claim. The plaintiff does not allege that the defendants lacked probable cause for his arrest, nor does he allege that his conviction was in any way contrary to law. Because his claims will be dismissed for other reasons, the court elects not to engage in a lengthy analysis of the plaintiff's many constitutional claims.

Municipal liability under § 1985(3) must be predicated on an "official custom or policy," which the plaintiff has not sufficiently alleged. *See Zherka v. City of New York*, 2012 WL 147914, at *1 (2d Cir. 2012); *Parrott v. District of Columbia*, 1991 WL 126020, at *5 (D.D.C. 1991) (concluding that "[e]ven if [the plaintiff's allegations] were true, there is no allegation that this discriminatory conspiracy was part of an official policy, and thus plaintiff has failed to state a claim against the district"). In the alternative, the court concludes that the plaintiff's factual allegations do not support plausible a claim to relief. *See Iqbal*, 556 U.S. at 697. The plaintiff does not allege any facts to suggest that the defendants committed any acts in furtherance of a racially motivated conspiracy. Instead, he simply parrots the elements of a § 1985(3) claim. This naked assertion, wholly devoid of any factual enhancement, is insufficient to survive a motion to dismiss. *See id.* at 678; *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009) (affirming dismissal of the plaintiff's § 1985(3) claim under *Iqbal* because the plaintiff did not allege any facts other than the requisite elements of the legal claim).

Because a colorable claim under § 1985 is a prerequisite to a claim under § 1986, the plaintiff's § 1986 claim must also be dismissed. *Burnett v. Sharma*, 511 F. Supp. 2d 136, 145 (D.D.C. 2006) ("The language of [§ 1986] establishes unambiguously that a colorable claim under § 1985 is a prerequisite to stating an adequate claim . . . under § 1986.").

### 4. The Plaintiff's Claims Against Sergeant Mack Are Time-Barred

The plaintiff alleges that Sergeant Mack violated 42 U.S.C. §§ 1983, 1985, and 1986. 2d Am. Compl. ¶¶ 20–34. The defendants argue that these claims are time-barred. Defs.' Mot. at 4. To be precise, the defendants point out that Sergeant Mack was never served with the original complaint. *Id.* The defendants maintain that Sergeant Mack thus did not receive any notice of this lawsuit until May 2011, when he was served with the second amended complaint. *Id.* The defendants conclude that the plaintiff's claims are barred by D.C.'s three-year statute of

limitations for constitutional torts.  *Id.*  The plaintiff counters that his amended pleadings are not barred by the statute of limitations because they relate back to the date of the original pleading. Pl.'s Opp'n at 8.

Claims under 42 U.S.C. § 1986 must be brought no more than one year after the cause of action accrues.  *Id.* ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").  Because sections 1983 and 1985 do not have any built-in statute of limitations, courts in this jurisdiction apply the three-year statute of limitations imposed by D.C. law.  *Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998); *Burnett v. Sharma*, 2007 WL 1020782, at *5 (D.D.C. 2007); *see* D.C. CODE § 12-301(8).  According to the second amended complaint, the last of Sergeant Mack's allegedly unconstitutional actions took place on January 28, 2008.[3]  2d Am. Compl. ¶ 16.  The plaintiff did not serve Sergeant Mack with the second amended complaint until May 2011—more than three years later.  Thus, all of the plaintiff's federal claims against Sergeant Mack appear to be time-barred.

The plaintiff may nevertheless pursue his claim against Sergeant Mack if he can show that the claims in his amended pleading relate back to the filing of the original pleading.  Under certain circumstances, the "relation back" doctrine enables a plaintiff to correct a pleading error, by adding either a new claim or new party, after the statutory limitations period has expired.  *See United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002).  The rationale underlying this rule is that a party who has been notified of litigation concerning a particular occurrence has been given

---

[3]     Absent any indication that the plaintiff's conviction was reversed through direct appeal, expunged, or otherwise declared invalid, any claims stemming from the plaintiff's prosecution are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Accordingly, any actionable claims against Sergeant Mack may have accrued at an even earlier date.

all the notice that statutes of limitations were intended to provide.  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984).

Federal Rule of Civil Procedure 15(c) allows allegations in an amended complaint to relate back to the date of the original complaint if the claims or defenses asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  FED. R. CIV. P. 15(c)(1)(B).  If a plaintiff wishes to assert claims against a newly named defendant, however, the plaintiff must meet two additional requirements: first, the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits" within 120 days, *see* FED. R. CIV. P. 4(m), of serving the original summons and complaint.  FED. R. CIV. P. 15(c)(1)(C)(i).  Second, the plaintiff must show that the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  FED. R. CIV. P. 15(c)(1)(C)(ii).

This Circuit has explained that the purpose of this "mistaken identity" doctrine is to "avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party."  *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997) (interpreting an earlier version of Rule 15); *see Ferguson v. Local 689, Amalgamated Transit Union*, 626 F. Supp. 2d 55, 61 (D.D.C. 2009) (recognizing that "Rule 15(c)(1)(C) is a name-correcting amendment that is intended to avoid the harsh consequences of a mistake").  Rule 15(c)(1)(C) thus ensures that "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."  *Rendall-Speranza*, 107 F.3d at 918.  The Supreme Court has since clarified the inquiry, emphasizing that courts must

determine whether the prospective defendant should have known of the possibility that it would be sued despite the plaintiff's mistake. *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known . . . not what the *plaintiff* knew or should have known at the time of filing her original complaint.").

Here, the plaintiff presents no evidence to suggest that Sergeant Mack received any notice of this action prior to May 2011, as Rule 15(c)(1)(C)(i) requires.  The original complaint did not name Sergeant Mack, nor did the plaintiff bring any claims against the Metropolitan Police Department.  Although the first amended complaint includes Sergeant Mack in its factual allegations, Sergeant Mack was not named as a party.  No evidence suggests that Sergeant Mack received any word of the plaintiff's suit until he was served with the second amended complaint in May 2011.  Accordingly, the court concludes that Sergeant Mack had no reason to believe he would be named as a defendant.  *See Krupski*, 130 S. Ct. at 2493.  Nor was the plaintiff's failure to name Sergeant Mack a simple case of mistaken identity or a "slip of the pen."  *Cf. Miller v. Holzmann*, 2007 WL 778599, at *2–3 (D.D.C. 2007) (concluding that the plaintiff's complaint could relate back because the defendants were closely related members of the same corporate family who employed the same attorney).  Because the plaintiff has not satisfied the notice requirement imposed by Rule 15(c)(1)(C)(i), his claims against Sergeant Mack do not relate back to the original complaint.  *See Ferguson v. Local 689, Amalgamated Transit Union*, 626 F. Supp. 2d 55, 61 (D.D.C. 2009).  Accordingly, the plaintiff's claims against Sergeant Mack are time-barred and must be dismissed.

### B.  The Court Declines to Exercise Supplemental Jurisdiction over the Plaintiff's Remaining Claims

In addition to the federal claims discussed above, the plaintiff brings a number of common-law claims.  2d Am. Compl. ¶¶ 34-37.  In deciding whether to exercise supplemental

jurisdiction over common-law claims, federal courts should consider "judicial economy, convenience and fairness to litigants." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  Where, as here, all federal-law claims are dismissed, this balance of factors weighs heavily toward declining jurisdiction over the remaining common-law claims.  28 U.S.C. § 1367(c)(3); *Shekoyan v. Sibley Intern.*, 409 F.3d 414, 423 (D.C. Cir. 2005); *Richardson v. Capital One, N.A.*, 2012 WL 892962, at *5 (D.D.C. 2012).  Accordingly, the court will remand the plaintiff's remaining claims to Superior Court, where the plaintiff initially filed this action. *See Pena v. A. Anderson Scott Mortg. Grp., Inc.*, 692 F. Supp. 2d 102, 110 (D.D.C. 2010).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss.  An order consistent with this memorandum opinion is separately and contemporaneously issued this 25th day of May, 2012.

RUDOLPH CONTRERAS
United States District Judge